## PAUL GLASSCO v. STATE.

No. A-8256. Jan. 15, 1932.
(7 Pac. [2d] 172.)

W. B. Howell, Ben F. Williams, Homer Cowan, and Thos. R. Benedum, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of Coal county of the crime of manslaughter in the first degree, and his punishment fixed by the jury at imprisonment in the state penitentiary for seven years.

It is disclosed by the record, in substance, that upon return and receipt of this verdict in open court, defendant's counsel announced that he would not file motion for a new trial, and waived his right to have the court fix a time to pronounce judgment and sentence, and requested that the court immediately pronounce judgment and sentence upon the verdict.

It further appears that the trial court, upon its own motion and over the objection of defendant, set the verdict aside and granted a new trial.

The only question to be considered by this court is the power of the trial court to grant a new trial after conviction, over the objection of defendant.

Section 2754, C. O. S. 1921, provides:

"The court in which a trial has been had upon an issue of fact has power to grant a new trial when a verdict has been rendered against a defendant by which his substantial rights have been prejudiced, upon his application in the following cases only. * * *"

"The right of a new trial in a criminal case is statutory." 16 Corpus Juris, 1121.

In Watson v. State, 26 Okla. Cr. 377, 224 Pac. 368, this court said:

"The Legislature has the constitutional right to prescribe conditions upon which a new trial shall be granted to a defendant who has been convicted of a crime; and the statute which provides that, 'The granting of a new trial places the parties in the same position as if no trial had been had,' is not unconstitutional."

In the body of the opinion the court said:

"These provisions of the statute are clear and explicit, and in no wise contravene the letter or the spirit of the fundamental law. The power to grant a new trial in criminal cases constituted no part of the jurisdiction at common law. This power is in most of the states, as in this state, conferred by express legislation. In every case where we have seen the question discussed, it is assumed as a power conferred by legislation or by long usage, and in no case is it held to be a constitutional grant. It is a privilege offered by the law to the accused, in addition to the guaranties afforded by the Constitution. As the power is conferred by law, it is competent for the legislative department of the government to extend it, or to limit and modify it, at its pleasure, or to prescribe upon what terms it may be granted, so that it does not infringe upon any constitutional guaranty. * * *

"The Legislature has prescribed the grounds upon which a new trial may be granted, and has imposed certain conditions on the defendant, one of which is that he shall be deemed to have waived his constitutional protection against former jeopardy.

"The sections above quoted measure the extent of the waiver and fix its necessity, and that necessity is that the party convicted must waive the entire right so as to bring himself within the power of the court to grant him a new trial. He makes his motion with the full knowledge of

the risk he takes and with all the possible consequences. To obtain a new trial he voluntarily waives a right that neither courts nor the Legislature can take from him—a right that he surrenders for his own benefit, and the exact extent of which is plainly written, as the terms on which it could be done, if his motion is granted."

See, also, Duncan v. State, 41 Okla. Cr. 89, 270 Pac. 335.

The Attorney General in his brief says:

"The statutory grounds for a new trial are stated in section 2754, idem, and it is provided only that a new trial may be granted upon the application of the defendant. Nowhere in the statute is it provided in a criminal case that in the absence of fraud or other matter that vitiates the verdict that a new trial may be granted on the application of the state or by the judge on his own motion. In this case there is no question but what the proceedings were regular in every particular, that the jurisdiction of the court over the offense and of the defendant was established, that the information was sufficient to charge the crime of murder, that the defendant entered his plea of not guilty thereto, that a jury was duly and legally impaneled to try the issue, and that a true deliverance was made by said jury in its verdict finding this defendant guilty of manslaughter in the first degree, so that it is the opinion of the Attorney General that all the elements were present which placed this defendant in jeopardy of a conviction for murder in the trial of this case under the pleadings."

"The jury having returned a verdict of guilty of manslaughter in the first degree in this case after the trial judge had seen fit to submit that issue to them, and no question being raised as to the validity of said verdict upon a motion for a new trial by the defendant, or upon the application of the state by reason of fraud or other ground that might vitiate it, and no such reason being stated by the court, it is the opinion of the Attorney Gen-

eral that the duty of the court, under the law of this state, was to pronounce sentence and render judgment on said verdict in accordance therewith, as provided in section 2750, C. O. S. 1921, and that the trial judge had no jurisdiction to do what he attempted to do in this case."

The reason the trial judge gave for setting the verdict aside on his own motion was that the punishment assessed was inadequate.

Under the law of this state it is the right of the jury to fix the punishment, and the court can only do so where the jury fail to agree. The mere fact that the jury fixed a less punishment than the court deems adequate is not ground for a new trial. It is as much the province of the jury to fix the punishment as to pass upon the credibility of the witnesses and the weight to be given their evidence. The court may not invade this province of the jury and set their verdict aside merely because, in his judgment, the punishment is insufficient.

The trial judge being without any authority to set aside the verdict of the jury finding the defendant guilty of manslaughter in the first degree and grant a new trial, over the objection of defendant, the order made by him attempting to do so was void and without any legal force or effect. It was the duty of the court to pronounce judgment in accordance with the verdict.

In White v. State, 42 Okla. Cr. 50, 275 Pac. 1067, this court said:

"Where a verdict of the jury assessing the punishment is in conformity with the law, the court must enter judgment and sentence in conformity with the verdict. Where there is a variance between the verdict of the jury and the sentence of the court, on appeal this court will remand the cause, with direction to the trial court to render judgment and sentence in conformity to the verdict."

Caudill v. State, 9 Okla. Cr. 66, 130 Pac. 812; Barrett v. State, 39 Okla. Cr. 50, 263 Pac. 166.

For the reasons stated, the cause is reversed and remanded, with directions to the trial court to have the defendant brought into court, vacate its order setting aside the verdict of the jury and granting a new trial, and to pronounce judgment and sentence upon the defendant in conformity with such verdict.

It is further ordered that defendant be credited upon the seven years' punishment fixed by the jury with whatever time he has been imprisoned since the return and receipt of said verdict by the court.

DAVENPORT, P. J., and EDWARDS, J., concur.