Emmett Carrol POWELL, Petitioner,

v.

The DISTRICT COURT OF the SEVENTH JUDICIAL DISTRICT of the State of Oklahoma, Honorable Clarence Mills, Presiding, Respondent.

No. A–15953.

Court of Criminal Appeals of Oklahoma.

May 13, 1970.

Keen & Moulton, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Curtis Harris, Dist. Atty., for respondent.

BRETT, Presiding Judge.

This is an original proceeding in prohibition wherein petitioner is seeking issuance of the writ of prohibition to prevent the District Court of Oklahoma County from vacating two judgments and sentences imposed upon petitioner in that court's cases number CRF–70–2 and CRF–70–3, and being retried thereon, including five other cases. In each of the two cases, petitioner was assessed a five year penitentiary sentence, with the provision that said sentences were to run concurrently. Apparently petitioner's pleas of guilty resulted from "plea bargaining" between the petitioner and the prosecutor, with the knowledge and consent of the court; because at the time judgment and sentence was imposed on January 23, 1970, District Judge Carmen Harris dismissed by written order, five other cases, to wit: CRF–70–38; CRF–70–39; CRF–70–40; CRF–70–41; CRF–70–42. The dismissal of said cases was premised on petitioner's pleas of guilty in the two cases. After judgment and sentence was imposed, petitioner's first attorney, Mr. Mac Oyer, was permitted to withdraw from the cases.

On the following January 28th, petitioner filed pro se his Motion for New Trial and his notice of intent to appeal. On February 12th, petitioner through his present attorney filed a motion to reduce bail, which was heard the same day and was denied. On the following day February 13th, the State filed a Motion to Vacate the judgment and sentence in each of the two cases. The

petition in error was filed in this Court on February 24th. The State's motion to vacate was heard on February 27th, and was sustained by the court, over defendant's objections.

All seven cases were refiled against petitioner after which this petition for writ of prohibition was filed herein. Petitioner contends that jeopardy attached in all seven cases when he entered his pleas of guilty in cases CRF–70–2 and CRF–70–3, insofar as the court order recited, "all other cases pending against the defendant be merged into the judgment and sentences rendered herein and that Cases No. CRF–70–38, CRF–70–39, CRF–70–40, CRF–70–41, and CRF–70–42 be included."

We observe the reason given by the State in support of the Motion to Vacate Judgment and Sentence recites as follows:

"The State of Oklahoma does not know what error the defendant is claiming, but, since the defendant is now represented by Keen and Moulton, Attorneys at Law, it could be presumed that they felt and the defendant feels that some error must have been committed by this Court in assessing the sentence in this cause and that the defendant and his attorneys are, in good faith in their desire to appeal the above entitled cause, feeling that there is an error of something in the record.

Therefore, since the State of Oklahoma does not desire in any way to take any unfair advantage of this defendant and his attorneys, the State of Oklahoma feels that the Judgment and Sentence entered herein on the 23rd day of January, 1970, should be vacated, set aside and held for naught, and that this cause be set down for jury trial on a day certain so that if there are any errors existing in this cause at this time, all of said errors can be corrected."

The State's Motion was filed and considered after petitioner's Motion for New Trial had been denied; we can only presume therefore, that the State resisted petitioner's motion at the time it was heard.

Likewise, regardless of how noble the State's "Motion to Vacate" may sound, we are unable to find authority for granting the State a new trial as was done in this instance, after judgment and sentence has been imposed on a defendant. The trial court's action in granting the "Motion to Vacate" resulted in the same effect, regardless of the style of the instrument.

Authority for granting defendant a new trial is found in the Statutes, such authority did not exist at common law. 22 O.S. 1961, § 952, states the only grounds on which the trial court can grant the defendant a new trial; and the grounds stated therein are premised solely upon prejudice having been caused defendant's substantial rights.

 This Court held in Glassco v. State, 53 Okl.Cr. 61, 7 P.2d 172 (1932), that a new trial may be granted in a criminal case only upon motion of the defendant and upon the grounds stated in the statutes; and, that the court has no power to grant a new trial on its own motion, over the objection of the defendant. The Court also held that when a new trial is granted on defendant's motion, that defendant waived his constitutional protection against former jeopardy. Nowhere in the statutes is it provided that in a criminal case, in the absence of fraud or other matter that vitiates the verdict, that a new trial can be granted on the application of the state or by the judge on his own motion. The order entered in petitioner's cases, vacating the judgments and sentences, was clearly based upon the state's motion. The effect in this instance was the same as if it had resulted from a plainly stated Motion for New Trial. See: 85 A.L.R.2d 486, 491.

 The Fifth Amendment to the United States Constitution, and Article 2, Section 21, of the Oklahoma State Constitution both clearly protect the accused against being twice placed in jeopardy. In petitioner's case there can be no doubt whatsoever but that he was in jeopardy from the moment he entered his plea of guilty.

There is no contention that petitioner sought to withdraw his plea of guilty, nor do the records before this Court so reflect. The records before the Court do show however, that the trial court properly explained petitioner's rights to him—including petitioner's right to appeal—when the "Summary of Facts" sheet was executed by petitioner. The only aspect not included on the summary sheet is reference to a motion for new trial. However, it is generally understood that a motion for new trial is a condition precedent to an appeal. Consequently, to predicate the motion to vacate upon petitioner's effort to appeal from the trial court's decision, for the reasons stated in the state's motion, is not proper. It was error for the trial court to sustain the state's motion to vacate in petitioner's case. See: Yoder v. State, 66 Okl.Cr. 178, 90 P.2d 669, and State v. Frisbie, 8 Okl.Cr. 406, 127 P. 1091.

We are therefore of the opinion the trial court's order vacating the judgment and sentence in Oklahoma County District Court Case No. CRF–70–2, and in Case No. CRF–70–3, on the state's Motion to Vacate was error; and, that said order entered in each of said cases respectively, vacating said judgments and sentences should be set aside, vacated, and held for naught; and, that the said judgments and sentences in said cases CRF–70–2 and CRF–70–3, should be reinstated; and it is so ordered, further, the District Court of Oklahoma County is hereby ordered to dismiss cases, to wit: CRF–70–38, CRF–70–39, CRF–70–40, CRF–70–41, and CRF–70–42.

Petitioner filed with his Petition for Writ of Prohibition a Motion to Reduce and Fix Bail, insofar as said trial court set petitioner's bail in the amount of Five Thousand Dollars ($5,000.00) on each of said seven cases, as refiled, for a total amount of Thirty Five Thousand Dollars ($35,000.00). We observe that on January 23, 1970, at the time the judgment and sentence was imposed on petitioner, his bail was set in the amount of Five Thousand Dollars ($5,000.00).

The Court declines to act on Petitioner's Motion to Reduce and Fix Bail, but remands the same to the District Court of Oklahoma County for further action consistent with this opinion.

Writ granted.

NIX, J., concurs.

BUSSEY, J., not participating.