**Donald Ray DAVIS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–90–352.**

Court of Criminal Appeals of Oklahoma.

Jan. 11, 1993.

---

Lee Ann Jones Peters, Chief of Appellate Div., Oklahoma City, for appellant.

Robert H. Henry, Atty. Gen., Diane L. Slayton Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

LUMPKIN, Vice Presiding Judge:

Appellant Donald Ray Davis was charged with Possession of a Controlled Substance (Count I), in violation of 63 O.S. 1981, § 2–402, and Possession of a Firearm While Committing a Felony (Count II), in violation of 21 O.S.1981, § 1287, in Case No. CRF–89–443, in the District Court of Oklahoma County. Pursuant to an agreement with the prosecutor, Appellant pled guilty during a preliminary hearing on February 15, 1989, to Counts I and II in exchange for two five-year suspended sentences to run concurrently and 80 hours of community service. The trial court accepted the plea and sentenced accordingly.

On the same day, the State discovered the Appellant had six prior felony convictions and filed a motion vacating the judgment and sentence, contending Appellant's prior convictions made him ineligible for the suspended sentences according to 22 O.S.Supp.1988, § 991a(B). The record reflects that the judgment and sentence were vacated by the court. On May 3, 1989, the trial court held a second preliminary hearing and Appellant was ordered to stand trial on each of the charges, after former conviction of two or more felonies.

Prior to the second preliminary hearing, Appellant filed a petition for writ of habeas corpus in the trial court on May 2, 1989, alleging the judge issued no formal order setting aside the judgment and sentence and that the vacation of the judgment and sentence violated Appellant's constitutional rights. Before the trial court rendered a decision on the petition, Appellant filed a separate petition for writ of habeas corpus in this Court on May 10, 1989, asserting the same grounds contained in the petition filed with the trial court.

On June 14, 1989, the trial court denied Appellant's petition for writ of habeas corpus, arguing that it lacked jurisdiction to resolve the question. On July 10, 1989, this Court in an unpublished order denied Appellant's petition for writ of habeas corpus, finding that the trial court did possess jurisdiction to set aside the judgment and sentence. However, after further review of the issues raised, and the briefs filed in this case, we find that our previous order was incorrect.

A jury trial was held on September 13 and 14, 1989. Appellant objected to the commencement of a new trial by filing a plea of former jeopardy which was denied. In that trial, the jury convicted Appellant of Possession of a Controlled Substance (Count I), After Former Conviction of Two or More Felonies, and Possession of a Firearm While Committing a Felony (Count II), After Former Conviction of Two or More Felonies, and recommended as punishment life imprisonment on each count. The trial court sentenced accordingly, ordering the sentences to run concurrently. It is from this judgment and sentence that Appellant appeals. Because of the limited scope of the alleged errors, only facts relevant to the resolution of the issues presented will be discussed.

■ In his first assignment of error, Appellant contends the trial court violated his privilege against double jeopardy by vacating the judgment and sentence rendered on his plea and by ordering a new trial. The Double Jeopardy Clause to the Oklahoma Constitution, art. II, § 21, ensures that no person shall be punished more than once for the same offense, and that no person should be vexed by successive prosecutions for a single crime or criminal transaction. *Ocampo v. State*, 778 P.2d 920, 923 (Okl. Cr.1989). Based on our reasoning on this matter in similar cases, we find that jeopardy attaches when the jury is sworn, if an accused elects to be tried by a jury. *Sussman v. State*, 455 P.2d 724 (Okl.Cr.1969). When an accused waives his right to a jury trial, jeopardy attaches once the defendant enters a plea after being advised of his rights and does not seek to withdraw his plea. *Powell v. District Court of Seventh Judicial Dist.*, 473 P.2d 254, 256–57 (Okl. Cr.1970); *Glassco v. State*, 53 Okl.Cr. 61, 7 P.2d 172 (1932).

■ In the present case, the record reveals the Appellant pled guilty after entering into a plea agreement with the District Attorney at the first preliminary hearing.

The Appellant declined to withdraw his plea after being advised of his rights. The trial court thereafter handed down its judgment and sentence. Based on these facts, jeopardy attached when the plea of guilty was accepted by the trial court and the judgment and sentence was entered on February 15, 1989.

The State responds that the first judgment and sentence was invalid from the onset because Appellant was not entitled to suspended sentences under 22 O.S.Supp. 1988, § 991a, due to his prior convictions. Section 991a(A)(1) reads in pertinent part:

When a defendant is convicted of a crime and no death sentence is imposed, the court shall either: (1) suspend the execution of the sentence in whole or in part, with or without probation.

This authority is modified by Section 991a(B) which states:

The provisions of paragraph 1 of subsection A of this section shall not apply to defendants being sentenced upon their third or subsequent to their third convictions of a felony.

However, the State fails to recognize the distinction between the entry of judgment for the purposes of determining the application of the constitutional protections against double jeopardy, and the power of the trial court to sentence. We must distinguish between the authority to vacate a judgment and the authority to vacate a suspended sentence. In this case, the trial court was incorrect in setting aside both Appellant's judgment and sentence from the plea of guilty and in ordering a new trial.

■ The authority of the trial court to grant a new trial or arrest judgment is limited by statute. A new trial may be granted only if the request is made by a defendant and the request is based on one of the criteria set forth in 22 O.S.1981, § 952. The authority of the trial court to arrest judgment is limited to the provisions of 22 O.S.1981, §§ 954–955. The request to arrest judgment must be made either by the defendant or the trial court on its own motion, however, the arrest of judgment must be predicated on "any of the defects in the indictment or information mentioned as grounds of demurrer unless such objection has been waived by a failure to demur, and must be before or at the time the defendant is called for judgment". *Id.* § 954. The facts of this case address the sentencing powers of the trial court and not the validity of the judgment.

■ Failure to allege prior convictions for enhancement of punishment pursuant to our Habitual Criminal Statute, 21 O.S. 1981, § 51, does not affect the validity of the judgment. The prohibition contained in 22 O.S.Supp.1988, § 991a(B), restricts the sentencing options of the trial court and precludes the trial court from suspending the execution of sentence for offenders who are being sentenced "upon their third or subsequent to their third conviction of a felony". Thus, a judge of the District Court is without authority to suspend a sentence in whole or part if a defendant has previously been convicted of two or more felonies, regardless of whether the State has alleged the prior convictions. *See also Williams v. State,* 628 P.2d 369 (Okl.Cr.1981) (statute denying suspended sentence applies whether or not the State attaches to information an allegation of two or more prior convictions); *Deason v. State,* 576 P.2d 778 (Okl.Cr.1978) (the trial court has inherent power to suspend a sentence, unless the legislature has expressly prohibited it).

Therefore, that portion of the judgment and sentence entered on February 15, 1989, which suspended the execution of the sentence is void. This is consistent with our previous decisions in *Mesmer v. Raines,* 351 P.2d 1018 (Okl.Cr.1960) and *Lyda v. State,* 428 P.2d 347 (Okl.Cr.1967). However, in each of those cases we left to the discretion of the trial judge whether the suspended sentence should be revoked upon discovery of the prior convictions. Upon further consideration, we find the holdings in *Mesmer* and *Lyda* are inconsistent with the intent of the Oklahoma Legislature as expressed in the provisions of 22 O.S.Supp.1988, § 991a(B) and should be modified to be consistent with our determi-

nation that the order suspending was void at the time it was entered.

Based on the above analysis, we disagree with the State that both the judgment and sentence from the plea of guilty were invalid. Jeopardy attached upon the acceptance of the guilty plea and sentencing Appellant. The trial court was without authority to vacate the judgment of guilt and violated Appellant's protection against double jeopardy by ordering a new trial. Prior to entering into plea agreements, the State should complete its check of a defendant's criminal record to ensure the trial court is fully informed regarding any prior convictions which would affect the sentencing authority of the court.

Based on our review of the error above, we need not address Appellant's final assignment of error. For the foregoing reasons, the judgment and sentence rendered by the jury trial on September 13 and 14 must be VACATED as barred by the plea of former jeopardy. The judgment and sentence entered on February 15, 1989, finding the Appellant guilty of Possession of a Controlled Substance (Count I), in violation of 63 O.S.1981, § 2-402, and Possession of a Firearm While Committing a Felony (Count II), in violation of 21 O.S.1981, § 1287, in Case No. CRF-89-443, in the District Court of Oklahoma County, is reinstated with the sentence of five (5) years on each count to run concurrently. Provided, the provision of the judgement and sentence ordering the service of the sentences to be suspended is stricken. The District Court shall prepare and file a corrected judgment and sentence reflecting the above determination regarding the February 15, 1989, plea of guilty.

BRETT and JOHNSON, JJ., concur.

LANE, P.J., concurs in results.