Lucio SILVA, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–93–790.

Court of Criminal Appeals of Oklahoma.

July 25, 1995.

As Corrected Oct. 11, 1995.

David Pyle, Ardmore, for appellant at trial.

John O. Walton, Sulpher, for the State at trial.

Thomas Purcell, Asst. Appellate Indigent Defender, Norman, for appellant on appeal.

Susan Brimer Loving, Atty. Gen. of Oklahoma, Robert Whittaker, Asst. Atty. Gen., Oklahoma City, for appellee on appeal.

## OPINION

STRUBHAR, Judge:

Appellant, Lucio Silva, was charged in the District Court of Murray County with Unlawful Possession of Marijuana With Intent to Distribute, in Case No. CRF–91–122, and

Failure to Affix Controlled Dangerous Tax Stamp, in Case No. CRF–91–124. Appellant entered a plea of guilty to the charges and he received a five year deferred sentence on each conviction. Approximately three months later, the State filed a Motion to Vacate the Order Deferring Imposition of Judgment and Sentence. This motion was granted. Appellant requested to withdraw his plea and was granted a jury trial. A jury trial was held and Appellant was convicted on both charges. He was sentenced to twenty-five years imprisonment and a $25,000.00 fine on the possession conviction, and five years imprisonment and a $5,000.00 fine on the tax stamp conviction. The sentences were ordered to run concurrently with each other.

## FACTS

On October 16, 1991, at approximately 2:30 p.m., Oklahoma Highway Patrol Trooper Dennis Flowers observed a Ford pickup traveling southbound on I–35 in Murray County at seventy miles-per-hour, five miles-per-hour over the posted speed limit. When Flowers stopped the vehicle for speeding he observed that the pickup had a Minnesota tag. The driver of the pickup, Mr. Martinez, exited the vehicle and walked back to where Flowers was standing in front of his patrol car. Flowers asked Martinez for his driver's license which Martinez produced. Flowers then asked Martinez to remain standing in front of the patrol car. While Martinez did this, Flowers approached the pickup to speak with the passenger, Appellant, and check for weapons within the area of Appellant's immediate reach. Flowers found no weapons. However, he noticed a strong air freshener scent in the area around Appellant. (Flowers testified he had knowledge that marijuana is sometimes packaged in fabric softener sheets, which smell like air freshener, to disguise the smell of marijuana.) He then went back to Martinez and asked him to have a seat in the patrol car. Flowers issued Martinez a courtesy warning for speeding and asked Martinez if he could look in the pickup for contraband or drugs. Martinez signed a consent to search form. A search of the pickup revealed eleven bricks of marijuana behind the seat and an additional sixteen bricks inside a false gas tank bolted to the bottom of the pickup. The bricks of marijuana were wrapped in clear plastic and fabric softener sheets.

## DISCUSSION

After thorough consideration of the entire record on appeal and the briefs of the parties, we have determined that Appellant's propositions of error numbered four through eleven are without merit and do not warrant discussion. His first three propositions present related issues not directly ruled on by this Court before and will therefore be discussed.

As is noted above, Appellant initially pleaded guilty to the charges and received a five year deferred sentence on each conviction.[1] Approximately three months after sentencing, the State filed a Motion to Vacate the Order Deferring Imposition of Judgment and Sentence, claiming that Appellant had prior felony convictions and accordingly was not eligible to receive a deferred sentence under 22 O.S.1991, § 991c(2).[2] A hearing was held on the motion wherein the prosecution asked that Appellant's deferred sentence be vacated and Appellant be resentenced in accordance with the original plea recommendation. The district court judge found that Appellant had obtained his deferred sentence by fraud as he had not informed the court of any prior convictions other than traffic offenses, and accordingly, the order deferring Appellant's judgment and sentence was set aside. Before entering a new sentence, the judge advised that if Appellant wanted to withdraw his guilty plea and have a jury trial, he would so allow. Defense counsel

---

1. At the guilty plea hearing the district judge asked Appellant if he had been involved with marijuana or narcotics before. Appellant responded that he had not. The judge then asked him if he had ever been arrested. Appellant told the judge that he had been arrested for driving without a license.

2. This section provides that, "The deferred judgment procedure described in this section shall only apply to defendants not having been previously convicted of a felony."

then moved to withdraw Appellant's plea and asked that the matter be scheduled for jury trial. The case was scheduled and a jury trial held on January 22, 1993.

Appellant argues in his first proposition that even if he had prior felonies and the deferred sentences were illegal, the ensuing jury trial was violative of double jeopardy. In support of this argument, he cites *Davis v. State,* 845 P.2d 194 (Okl.Cr.1993). The defendant in *Davis* entered a guilty plea and received a suspended sentence. After the State learned that the defendant had prior felony convictions which would have made him ineligible to receive a suspended sentence, it filed a motion to vacate the judgment and sentence which the trial court granted and the defendant was ordered to stand trial on the charges. The defendant objected to the new trial contending it would subject him to former jeopardy. This objection was overruled. On appeal, the defendant in *Davis* argued that the trial court had violated his privilege against double jeopardy by vacating his judgment and sentence and ordering a new trial. This Court acknowledged that "[w]hen an accused waives his right to a jury trial, jeopardy attaches once the defendant enters a plea after being advised of his rights and does not seek to withdraw his plea." *Id.* at 196. Under the facts of *Davis,* it was found that jeopardy had attached when the plea of guilty was accepted and the trial court had entered judgment and sentence.

■ The facts of *Davis* are distinguishable from those in the present case. In the case at bar, Appellant was not given a suspended sentence, his sentence was deferred. Accordingly, only a conditional order, not a judgment and sentence was entered against him. *See Nguyen v. State,* 772 P.2d 401 (Okl.Cr.1989), *overruled on other grounds in Gonseth v. State,* 871 P.2d 51 (Okl.Cr.1994). Further, Appellant was not forced to withdraw his plea and go to trial, but rather he deliberately elected to do so. The trial court's decision to allow withdrawal of the plea was proper as judgment had not yet been entered. 22 O.S.1991, § 517. *See also Vuletich v. State,* 735 P.2d 568 (Okl.Cr.1987) (the decision to grant or deny a motion to withdraw a plea of guilty rests within the discretion of the trial court which will not be disturbed absent a showing of abuse of that discretion). Accordingly, because judgment had not been entered and because Appellant sought to withdraw his plea, jeopardy had not yet attached.

Appellant argues in his second assignment of error that the trial court was without jurisdiction or authority to vacate his sentences. He relies again upon *Davis v. State, supra,* to support his argument. In *Davis,* this Court noted that the authority of the trial court to grant a new trial or arrest judgment is limited by statute to the criteria set forth in 22 O.S.1981, § 952 and 22 O.S. 1981, §§ 954–955. *Davis,* 845 P.2d at 197. Accordingly, this Court found that the trial court was without authority to vacate the defendant's judgment in *Davis.* However, it also held that because the defendant had six prior felony convictions, the suspended sentence imposed in violation of 22 O.S.Supp. 1988, § 991a(B) was void and the trial court could have properly vacated the suspended sentence. *See also Robertson v. State,* 888 P.2d 1023 (Okl.Cr.1995).

■ Again, Appellant's reliance upon *Davis* to support his position that the trial court was without jurisdiction or authority to vacate its order deferring judgment and sentence is misplaced. The trial court in the present case did not arrest judgment as did the trial court in *Davis;* there was no judgment in the present case to arrest because none had been entered. Further, as was noted in *Nguyen, supra,* in a deferred sentence, the trial court retains jurisdiction because only a conditional sentence, not a judgment and sentence is entered. Accordingly, the trial court in the present case did have jurisdiction to vacate the order deferring Appellant's judgment and sentence.

In his third proposition, Appellant contends the trial court vacated his deferred judgment and sentence because he had not been honest about his past. It is Appellant's position that he was not given sufficient notice of these "vague new charges" and accordingly, the vacation of his deferred judgment and sentence was violative of due process. This Court has not previously addressed the procedural due process requirements to be afforded persons whose deferred judgments and sentences have been vacated

under the circumstances presented in the case at bar. Appellant likens this situation to cases where deferred sentences are accelerated and suspended sentences are revoked. This Court has held that due process requires a defendant be put on notice of the reason for the applications to accelerate and to revoke and be provided sufficient facts necessary to allow him to prepare a meaningful defense. *Edwards v. State,* 747 P.2d 968 (Okl.Cr.1987).

The situation presented by Appellant's case and that presented when the State seeks to accelerate or revoke are inapposite. When the State seeks to accelerate or revoke, the defendant is being accused of committing acts in violation of the terms and conditions of his or her probation. In the present case, Appellant was called to answer for having misinformed the court of his prior offenses in order to secure a deferred sentence. He was not accused of "vague new charges." Accordingly, Appellant was not entitled to the same notice for purposes of due process he would have been had the State sought to accelerate his deferred sentence. This proposition is without merit.

## DECISION

The Judgment and Sentence of the trial court is AFFIRMED.

JOHNSON, P.J., CHAPEL, V.P.J., and LUMPKIN and LANE, JJ., concur.