LuCretia LeMAY, Petitioner,

v.

The Honorable Franklin D. RAHHAL, District Judge of Okfuskee County, State of Oklahoma, Respondent.

No. P 96–116.

Court of Criminal Appeals of Oklahoma.

May 1, 1996.

---

## ORDER GRANTING WRIT OF PROHIBITION AND MANDAMUS TO THE HONORABLE FRANKLIN D. RAHHAL, DISTRICT JUDGE

On February 2, 1996, Petitioner, through counsel Mary E. Bane, filed an *Application for Alternative Writ of Prohibition and/or Mandamus* (hereafter "Application"), requesting this Court to prohibit the Honorable Franklin D. Rahhal, District Judge of Okfuskee County, State of Oklahoma, from proceeding further in Okfuskee County District Court Case No. CF–94–107. Alternatively, Petitioner requests that this Court compel Judge Rahhal to sign a written Judgment and Sentence, comporting with the judgment and sentence pronounced in open court, after Petitioner's plea of guilty.

Petitioner has provided this Court with the following records: the third Amended Information, a certified copy of the transcript of Petitioner's plea and sentencing hearing held January 4, 1996 (cited as "S.Tr."), a certified copy of the transcript of the "post-sentencing" proceeding held on January 4, 1996 (cited as "Tr."), a certified copy of the Plea of Guilty/Nolo Contendere Summary of Facts filled out by the Petitioner, signed by counsel for Petitioner and the State, and filed of record, a certified copy of the district court docket sheet, and a copy of the *Notice of Intent to Seek Extraordinary Relief and Designation of Record* filed in the District Court on January 12, 1996.

Petitioner was charged on January 30, 1995, in Okfuskee County District Court, Case No. CF–94–107, with Murder in the First Degree (Count I), Conspiracy to Commit Murder in the First Degree (Count II), and Burglary in the First Degree (Count III). On January 4, 1996, Petitioner appeared before the Honorable Franklin D. Rahhal and pled guilty to the above charges. The State was represented by Assistant District Attorney Tonya Guinn, and Petitioner was represented by Mary E. Bane.

Sentence was imposed immediately after Petitioner entered her guilty pleas. Petitioner presented the court with her hand-written Summary of Facts on Plea of Guilty. Petitioner stated that her understanding of the plea agreement was as follows:

> My understanding is that for the first degree murder I would get life with parole. On the first count—on the second count of conspiracy to commit murder I would do ten years running concurrent with the first count, and on the third count of burglary in the first degree I would do ten years running concurrent with the first and second counts.

(S.Tr. 8–9) The Assistant District Attorney stated that was "in fact the State's recommendation." (S.Tr. 12)

Thereafter, the court said that he would not go "over and above" the recommendation of the State, was going to abide by the agreement that the Assistant District Attorney made, and then sentenced Petitioner as follows:

> So the Court at this time will sentence you to serve a term of life imprisonment under the Department of Corrections, the State of Oklahoma. Further, you will be sentenced to serve a term of ten years on each of the other counts, burglary in the first degree, conspiracy to commit murder, and those will run concurrently.

(S.Tr. 16–17) The Assistant District Attorney stated she would prepare a Judgment and Sentence and the proceedings were adjourned. (S.Tr. 18)

In her Application for extraordinary relief, counsel for Petitioner states that, approximately one hour after sentencing, after Petitioner had been transported to jail, Assistant District Attorney Guinn approached counsel Bane and told her that Judge Rahhal wanted

to speak with them. A record was made of Judge Rahhal's meeting with counsel.[1] (See Tr. 1–30) At this "post-sentencing" hearing, Judge Rahhal indicated that he felt there was a "misunderstanding" as to the sentence he imposed, because he did not understand or intend to impose all the sentences to run concurrently. (Tr. 3–4) Judge Rahhal said that

> [i]t was a mutual misunderstanding and that the Court was lax in not reading and listening to what the defendant said during her discussion and of the summary of facts, but I will give her the opportunity to withdraw her plea at this time and enter a plea of not guilty, and within a short period of time she will have a right to a jury trial on all three counts.

(Tr. 8) Counsel for Petitioner objected, arguing that the court no longer had jurisdiction; the plea had been entered, judgment and sentence imposed in concurrence with the plea agreement as recited by Petitioner in open court, as written on the plea agreement, and as stated by the court in imposing sentence. Counsel for Petitioner stated that Petitioner declined to withdraw her plea, because Petitioner was sentenced in accordance with the plea agreement. (Tr. 9) Judge Rahhal stated he believed he continued to have jurisdiction over the matter, because of a mutual misunderstanding of the parties. (Tr. 9)

Counsel Bane made the following record as to the plea negotiations. (Tr. 10–20) Counsel stated that initially, the agreement was that if Petitioner would testify truthfully against the two other co-defendants, the State would recommend a sentence of life imprisonment on Count I and would drop the other charges. (See Def. 1, Tr. 12–13) When Judge Rahhal learned of the initial agreement, he refused to go along with it. (Tr. 15–16) Counsel met with Judge Rahhal the day prior to sentencing on the guilty pleas to work out some type of agreement. According to counsel Bane, finally Judge Rahhal suggested life plus ten on each count,

and counsel agreed if they were run "CC." (Tr. 17)

Petitioner contends that Respondent, "who lacks jurisdiction of this case by reason of Petitioner having already entered a plea of guilty and having been sentenced in the above case," has attempted to exercise jurisdiction over Petitioner by having her withdraw her plea of guilty, in an attempt to resentence her. Petitioner refuses to withdraw her pleas and has challenged the jurisdiction of the district court to proceed further in her case. Petitioner properly gave Respondent notice that she intended to seek relief in this Court, and Respondent has stayed all proceedings.

This Court, by Order dated February 21, 1996, called for a response. Respondent was directed to specifically address the issue of whether jeopardy attached at the moment judgment and sentence was pronounced in open court and whether the district court retains authority to reimpose sentence.

The Response, filed by Assistant District Attorney Tonya Guinn on behalf of Judge Rahhal, was submitted to this Court on March 5, 1996. Respondent admits that on January 2, 1996, the Assistant District Attorney advised him of the plea agreement the State had reached with petitioner—life imprisonment on Count I and dismissal of the remaining two counts. Respondent refused to concur in the agreement.

Respondent also admits that there was a meeting the following day to discuss the "agreement." Respondent states that after a lengthy discussion, an "agreement of sentence terms in which Respondent would concur *appeared* to have been reached." However, Respondent states that his understanding of the agreement was not the same as Petitioner's counsel or the Assistant District Attorney:

> Defense counsel and the assistant district attorney left with the impression that Respondent concurred in an agreement in which Petitioner would receive concurrent sentences in all counts; Respondent un-

---

1. The records provided to this Court do not clearly reflect whether Petitioner was present at the "post-sentencing" hearing.

derstood the defendant would receive concurrent sentences as to Counts II and III but *consecutive* with the more serious Count I of Murder in the First Degree.

Respondent states that, at formal sentencing on January 4, 1996, he sentenced Petitioner in accordance with the terms of the new plea agreement "as he understood them to be, namely: Life Imprisonment on Count I, Ten years on Count II and Ten years on Count III with counts II and III concurrent with each other but consecutive with Count I." [2]

Respondent admits that there was no "written" order, as the Judgment and Sentence had not been prepared. Respondent admits that he "reconvened" the parties and "clarified" the sentence to reflect his "true unambiguous oral sentence" before reducing it to writing. Respondent asks this Court to deny Petitioner's request for a Writ of Prohibition and/or Mandamus and allow Respondent to prepare a written Judgment and Sentence in accordance with the sentence pronounced on January 4, 1996.

The dispute in this case centers around whether the sentence pronounced at formal sentencing in open court, by Judge Rahhal, is ambiguous—whether it appears the sentences all are to run concurrently or whether Counts II and III run concurrently, but consecutively to Count I. Petitioner's position is that the sentence pronounced is clear and comports with the plea agreement. Respondent argues that the sentence pronounced is not what he intended, because he "understood" the agreement was that Counts II and III would be consecutive to Count I.

This Court has reviewed the record before it. The record reveals that the Plea of Guilty Summary of Facts, completed by Petitioner, shows her understanding of the agreement was as follows:

The Bill of Particulars on Count I is dropped. The plea agreement is for life in prison on Count 1; Ten years on Count 2 to run concurrent with Count 1; Ten years on Count 3 to run concurrent with Counts 1 and 2.

The State acknowledged that the above recitation was the agreement and the State's recommendation. (S.Tr. 12; Tr. 22) The Plea of Guilty Summary of Facts is signed by Petitioner, counsel Bane, Assistant District Attorney Guinn, and Judge Rahhal. The court accepted Petitioner's pleas and immediately imposed sentence. (S.Tr. 14) Judge Rahhal stated on the record that he would not "go over and above what" the prosecutor had recommended. (S.Tr. 15) Specifically, he said

... That under any other circumstances I would never sentence you to what has been recommended. I would not consider it. At this time I feel that I really don't have any options because I'm not going to do to a prosecutor what she felt was absolutely necessary and go over and above what she has recommended....

(S.Tr. 15)

Respondent argues the following dialogue at formal sentencing reflects his understanding of the agreement:

... Now, I'm going to abide by the agreement that she [the prosecutor] made, but I want you to know that really was not the agreement until yesterday. Because I told you (sic) lawyer, as you know, and her lawyer that I would not go along with it. I wanted to tack on some time. I would go along with it because I have been there before, but I would not do it unless we tacked on more time that you would have to serve when you came up for parole.

MS. LEMAY: Yes, your honor.

THE COURT: Now that was my idea, and I want you to know that was my idea. I'm only sorry that it could not have been a hundred years instead of ten....

(S.Tr. 16) Respondent pronounced the following sentence in open court:

So the Court at this time will sentence you to serve a term of life imprisonment under the Department of Corrections, the State of Oklahoma. Further, you will be sentenced to serve a term of ten years on each of the other counts, burglary in the

2. This sentence was not pronounced at formal sentencing, but is apparently the sentence the judge intended to impose.

first degree, conspiracy to commit murder, and those will run concurrently.

(S.Tr. 17)

■ Petitioner's contention that the District Court was without jurisdiction to force Petitioner to withdraw her guilty plea or to sua sponte order resentencing is well taken. In *Davis v. State*, 845 P.2d 194 (Okl.Cr.1993), where an appellant contended the trial court violated his privilege against double jeopardy by vacating the judgment and sentence rendered on his plea and ordering a new trial, this Court said that "[W]hen an accused waives his right to a jury trial, jeopardy attaches once the defendant enters a plea after being advised of his rights and does not seek to withdraw his plea." *Davis*, 845 P.2d at 196, citing *Powell v. District Court of Seventh Judicial Dist.*, 473 P.2d 254, 256–57 (Okl.Cr.1970); *Glassco v. State*, 53 Okl.Cr. 61, 7 P.2d 172 (1932).

Respondent argues that *Davis* does not apply to this case, because he did not attempt to reimpose or resentence. Petitioner after Judgment and Sentence had been recited and entered in open court. Respondent admits that, "an hour after formal sentencing was announced in open court," he realized that the parties misunderstood the sentence he imposed. Judge Rahhal "examined" the summary of facts and oral announcement of the plea agreement and found they conflicted with his understanding of the plea agreement and resulting oral sentence he had announced and imposed on Petitioner. (Tr. 3–4) Respondent argues that his "reconvening" of the parties and his clarifying of the sentence he meant to impose did not constitute "resentencing."

Respondent admits that oral pronouncements of sentences control over written conflicting orders, but argues that if the oral pronouncement is ambiguous, then one must look to written orders for clarification. Respondent cites *U.S. v. Villano*, 816 F.2d 1448 (10th Cir.1987).

In *Villano*, a judgment and commitment order, signed the same day as the sentencing proceeding, was different from the oral pronouncement of sentence. Three years later, the defendant moved to correct the clerical mistake, arguing that the oral sentence pronounced by the judge should control over the commitment order.

The Tenth Circuit recognized that an orally pronounced sentence controls over a judgment and commitment order when the two conflict. *Villano*, 816 F.2d at 1450. It also recognized that when an orally pronounced sentence is ambiguous, the judgment and commitment order is evidence which may be used to determine the intended sentence. *Id.*, 816 F.2d at 1451. "The sentence orally pronounced from the bench is the sentence. One of the purposes of the written judgment and commitment order it to provide evidence of the sentence." *Id.*

*Villano* is not applicable to this case. Respondent admits that at the time he "reconvened" the parties, no written Judgment and Sentence had been prepared. The only written evidence of the "agreement" is the Plea of Guilty Summary of Facts. The record reflects that Judge Rahhal went over this document with Petitioner at formal sentencing and acknowledged that it contained the agreement as to sentence. (S.Tr. 8) Judge Rahhal's statements at sentencing reflect that "he" would not have recommended that sentence, but he would not go "over and above" what the prosecutor recommended. (S.Tr. 15) Further, the sentence he actually pronounced at formal sentencing conforms to that agreement. That the court did not read the agreement as closely as he should have or that the court realized he imposed a sentence that he did not like is not sufficient reason to allow a new sentence to be pronounced.

■ In *Davis*, this Court pointed out that the authority of a trial court to grant a new trial or arrest judgment is limited by statute. *Davis*, 845 P.2d at 197; 22 O.S.1991 §§ 954 and 955. A new trial may be granted only upon request of the defendant, based upon certain criteria. See 22 O.S.1991 § 952. An arrest of judgment, upon the trial court's own motion, must be predicated upon those grounds set forth in 22 O.S.1991 §§ 954 and 955. *Davis, Id.*

■ The Fifth Amendment to the United States Constitution, and Article 2, Section 21,

of the Oklahoma Constitution both clearly protect the accused from being twice placed in jeopardy. As this Court stated of the accused in *Powell v. District Court of Seventh Judicial Dist.*, 473 P.2d 254, 256 (Okl. Cr.1970), "there can be no doubt whatsoever but that he was in jeopardy from the moment he entered his plea of guilty."

We are in agreement with Petitioner that the District Court lost jurisdiction in this case upon the acceptance of the guilty pleas and upon his pronouncement of sentence in open court. The fact that the sentences imposed were not "memorialized" by a writing does not extend the District Court's jurisdiction and give the court the authority to resentence Petitioner sua sponte upon discovering he misunderstood the sentence he imposed.

Accordingly, based upon the record before this Court, *IT IS THE ORDER OF THIS COURT* that the *Application for Alternative Writ of Prohibition and/or Mandamus* should be, and is hereby, *GRANTED.* The Honorable Franklin D. Rahhal is hereby prohibited from reimposing sentence and is directed to sign and file a Judgment and Sentence in accordance with Petitioner's plea agreement and the sentence pronounced in open court on January 4, 1996.

**IT IS SO ORDERED.**

/s/ Charles A. Johnson
CHARLES A. JOHNSON,
Presiding Judge

/s/ Charles S. Chapel
CHARLES S. CHAPEL,
Vice Presiding Judge

/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
Judge

/s/ James F. Lane
JAMES F. LANE,
Judge

/s/ Reta M. Strubhar
RETA M. STRUBHAR,
Judge