2001 OK CR 31

**Tracy Lynn DYER, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

No. F–2000–1274.

Court of Criminal Appeals of Oklahoma.

Oct. 29, 2001.

John B. Albert, Oklahoma City, OK, Steven L. Stice, Norman, OK, Attorneys For Defendant.

R. Richard Sitzman, Assistant District Attorney, Norman, OK, Attorney For State.

Attorneys On Appeal: Gail L. Wettstein, Oklahoma City, OK, Attorney For Appellant.

W.A. Drew Edmondson, Attorney General, Timothy J. Gifford, Assistant Attorney General, Oklahoma City, OK, Attorneys For Appellee.

## OPINION

LILE, Judge:

¶ 1 Appellant, Tracy Lynn Dyer, was convicted at jury trial of Count I: Murder in the First Degree in violation of 21 O.S.1991, § 701.7; Count II: Assault and Battery with a Deadly Weapon in violation of 21 O.S.1991, § 645; and Count III: Conspiracy to Commit a Felony in violation of 21 O.S.1991, § 421 in Case No. CF–94–17 in the District Court of McClain County. The Honorable Candace Blalock followed the verdict of the jury and sentenced Appellant to Life Without the Possibility of Parole on Count I and ten (10) years imprisonment each on Count II and Count III, to be served consecutively. Appellant has perfected his appeal to this Court.

¶ 2 Appellant had originally been sentenced to life imprisonment on Count I and ten years imprisonment each on Count II and Count III following his pleas of guilty. The sentences were to be served concurrently. These sentences were imposed as part of Appellant's agreement with the State to testify against a co-defendant. Appellant did testify at the co-defendant's first trial which resulted in a conviction. The co-defendant's conviction was reversed and remanded by this Court for retrial. Appellant refused to testify against his co-defendant at a second trial. The State then sought vacation of the original judgments and sentences, and the request was granted by the trial court. A subsequent jury trial on these same charges resulted in the harsher punishments from which Appellant now appeals.

¶ 3 Appellant complains in three propositions of error that the trial court erred in vacating his first judgments and sentences and allowing him to go to jury trial on the same charges. After a review of the language of the plea agreement and the record before us, we conclude that Appellant's contention is correct. The latest convictions must be set aside. The original judgments and sentences were improperly vacated and we find and order that they remain in full force and effect.

¶ 4 Pursuant to the plea agreement Appellant waived jury trial, entered a plea of guilty, did not seek to withdraw his plea and began serving his life sentence. Once Appellant entered his pleas, was sentenced and did not move to withdraw his pleas, jeopardy attached. *Davis v. State*, 1993 OK CR 3, 845 P.2d 194. The trial court was thereafter precluded from vacating, modifying or suspending the judgment, in the absence of an agreement of Appellant, as the judgments and sentences were not void. *Tracy v. State*, 24 Okla.Crim. 144, 216 P. 941 (1923). The plea agreement that Appellant signed contained no language regarding the State's recourse should he fail to keep his end of the bargain. Appellant did not agree to waive his Double Jeopardy rights.

¶ 5 The United States Supreme Court dealt with a similar situation in *Ricketts v. Adamson*, 483 U.S. 1, 10, 107 S.Ct. 2680, 2685, 97 L.Ed.2d 1 (1987). In *Ricketts*, the Supreme Court held that the language in the plea agreement clearly set out the remedy should the defendant breach the terms of the agreement. The *Ricketts* agreement provided that in the event of the defendant's breach the parties would be returned to their standing prior to the agreement allowing the defendant to be tried and resentenced. The Court in *Ricketts* found that the defendant signed the agreement, thereby waiving any Double Jeopardy claim.

¶ 6 In the case at issue, no such language was included in the plea agreement, and there is nothing in the agreement to establish a waiver of Double Jeopardy rights.

**654**

Further, at the original sentencing the trial court questioned the State concerning its recourse should Appellant not fulfill his agreements. The State merely stated that Appellant could then be charged with perjury. No other possible results of a breach were discussed.

¶ 7 Under the facts of this case, Appellant did not knowingly waive his Double Jeopardy rights. We find that the trial court was therefore without authority to vacate Appellant's original judgments and sentences. The original judgments and sentences are hereby found and ordered to be in full force and effect.

### ¶ 8 *DECISION*

¶ 9 Appellant, Tracy Lynn Dyer, was convicted at jury trial of Count I: Murder in the First Degree in violation of 21 O.S.1991, § 701.7; Count II: Assault and Battery with a Deadly Weapon in violation of 21 O.S.1991, § 645; and Count III: Conspiracy to Commit a Felony in violation of 21 O.S.1991, § 421 in Case No. CF–94–17 in the District Court of McClain County. The Honorable Candace Blalock followed the verdict of the jury and sentenced Appellant to Life Without the Possibility of Parole for Count I and ten (10) years imprisonment each on Count II and Count III. The Judgments and Sentences of the district court following the jury trial are hereby set aside. Appellant's original judgments and sentences on the identical charges following his pleas of guilty remain in full force and effect.

LUMPKIN, P.J., JOHNSON, V.P.J., and CHAPEL and STRUBHAR, JJ., CONCUR.