**F I L E D**

UNITED STATES COURT OF APPEALS

**January 19, 2006**

TENTH CIRCUIT

JAMES ROBERT LOWE,

        Petitioner-Appellant,

v.

WALTER DINWIDDIE, Warden,

        Respondent-Appellee.

No. 05-7077

(E.D. Oklahoma)

(D.C. No. CIV-04-448-S)

**ORDER**

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

James Robert Lowe, a state prisoner proceeding *pro se*, seeks a certificate

of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2254 petition for

habeas corpus. We deny his request for a COA and dismiss his appeal.

## I. BACKGROUND

On November 17, 1992, Mr. Lowe was sentenced in the district court of

Sequoyah County, Oklahoma, to twenty years' imprisonment, with ten years of the

sentence suspended. His conviction became final on November 27, 1992, ten

days after entry of the Judgment and Sentence. *See* Rule 4.2. Rules of the Court

of Criminal Appeals, OKLA. STAT. tit. 22, Ch. 18, App.; OKLA. STAT. tit. 22, §

1051.

On March 2, 2001, the State filed an Application to Revoke Suspended Sentence, based on Mr. Lowe's violations of the rules and conditions of his probation. On October 14, 2002, the Sequoyah County District Court determined that Mr. Lowe had violated the rules and conditions of his probation, and it revoked the suspended sentence. Mr. Lowe sought post-conviction relief on January 2, 2003, which the state court denied on September 23, 2003. The Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief. On March 22, 2004, Mr. Lowe filed a state petition for a writ of habeas corpus in the Muskogee County District Court, where it was denied.

Mr. Lowe filed a petition pursuant to 28 U.S.C. § 2254 on October 7, 2004, challenging the state court's jurisdiction to impose a suspended sentence in 1992. He asserted that, because the State had alleged that he had been convicted of three or more felony convictions, he was ineligible to receive a suspended sentence. *See* 22 Okla. Stat.§ 991a(C); *Davis v. State*, 845 P.2d 194, 197 (Okla. Cr. App. 1993). Under such circumstances, Mr. Lowe argued, the suspended portion of his sentence was voidable at its inception and must be vacated.

Mr. Lowe's § 2254 petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"); as a result, AEDPA's provisions apply to this case. *See Rogers v. Gibson*, 173 F.3d

2

1278, 1282 n.1 (10th Cir. 1999) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). AEDPA conditions a petitioner's right to appeal a denial of habeas relief under § 2254 upon a grant of a COA. 28 U.S.C. § 2253(c)(1)(A); *Montez v. McKinna*, 208 F.3d 862 (10th Cir. 2000) (holding that § 2253(c)(1)(A) requires a state prisoner to obtain a COA regardless of whether he is seeking relief under § 2254 or under § 2241).

## II. DISCUSSION

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Id*. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Lowe is not required to prove the merits of his case in applying for a COA, he must nevertheless demonstrate "something more than the absence of frivolity or the existence of mere good faith

3

on his or her part." *Id.* at 338 (internal quotation marks omitted).

The district court dismissed Mr. Lowe's petition because it was untimely under the one-year statute of limitations set by AEDPA. *See* 28 U.S.C. § 2244(d)(1). His October 2004 petition was filed well after the expiration of the AEDPA grace period on April 24, 1997.

Mr. Lowe contends that the one-year limitation period does not apply to the filing of his § 2254 petition because his claim did not accrue until his suspended sentence was revoked. When a prisoner challenges the revocation of a suspended sentence, the statute of limitations may begin to run on the date that the suspended sentenced is revoked rather than the date that the suspended sentence is initially imposed. *See* 28 U.S.C. § 2244(d)(1)(D) (Providing that AEDPA's one-year statute of limitations may begin to run when the factual predicate of the claim "could have been discovered through the exercise of due diligence"). *See Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 280-81 (2d Cir. 2003) ("It is thus not possible for the limitations period on a habeas challenge to parole revocation to expire before parole is revoked; it expires one year thereafter.") (cited in Aplt's Br. at 21). However, as the district court observed, Mr. Lowe is not challenging the revocation proceedings – he is challenging the imposition of the suspended sentence in 1992. Regardless of the possible merit of Mr. Lowe's claim, we agree with the district court that "the revocation did not bestow additional time to

4

challenge [Mr. Lowe's] 1992 sentence." Rec. doc. 15, at 3 (Dist. Ct. Order, filed July 7, 2005). Thus, for substantially the reasons set forth in the district court's order, we hold that Mr. Lowe's petition is untimely and does not make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

### III. CONCLUSION

We therefore DENY Mr. Lowe's request for a COA, and accordingly we DISMISS this appeal.

Entered for the Court,

Robert H. Henry
Circuit Judge
