FILED
United States Court of Appeals
Tenth Circuit

May 27, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

STANLEY MAURICE ROBINSON,

Petitioner - Appellant,

v.

RON WARD, Director; OKLAHOMA
DEPARTMENT OF CORRECTIONS;
STATE OF OKLAHOMA,

Respondents - Appellees.

No. 08-5005

N.D. Okla.

(D.C. No. 03-CV-00183-TCK-PCJ)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Stanley Robinson, a state prisoner appearing pro se[1] and in forma pauperis,

seeks a Certificate of Appealability (COA) with respect to the dismissal of his

petition for habeas corpus. The district court denied a COA. We likewise deny a

COA and dismiss this nascent appeal.

Robinson was tried, convicted and sentenced to forty years imprisonment

for unauthorized use of a motor vehicle after a former conviction of two or more

felonies. Following direct appeal of his conviction and denial of post-conviction

---

[1] We liberally review pro se pleadings. *See Beedle v. Wilson,* 422 F.3d
1059, 1063 (10th Cir. 2005).

relief in state courts, Robinson filed a federal petition for writ of habeas corpus. He claimed the Oklahoma Court of Criminal Appeals (OCCA) denied his right to effective assistance of trial and appellate counsel. He maintains his counsel was ineffective for failing to challenge the prosecutor's misconduct and the jury's consideration of two improper sentences at the penalty phase.

The district court concluded the OCCA's rejection of Robinson's prosecutorial misconduct claim was not an unreasonable application of constitutional law. First, as a matter of fact, the OCCA determined the trial court redacted any information that would imply Robinson was on parole or probation at the time he committed his current offense. Second, as a matter of law, the OCCA determined the prosecutor's improper comments were the target of defense counsel's objections and the trial court gave the jury specific instructions curing any error. *See Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (rebuttable presumption that a jury will follow judge's instruction to disregard evidence).

The district court determined the OCCA used the wrong standard in reviewing Robinson's ineffective assistance of appellate counsel claim, so it conducted a de novo review applying *Strickland v. Washington,* 466 U.S. 668 (1984). The district court concluded counsel was not ineffective by failing to challenge Robinson's previous convictions because the claim is without merit. *See Parker v. Champion*, 148 F.3d 1219, 1221 (10th Cir. 1998). The district court concluded that even if one of Robinson's previous convictions resulted in an

invalid sentence, an invalid sentence did not invalidate the conviction itself. *See United States v. Jackson*, 493 F.3d 1179, 1184 (10th Cir. 2007); *Davis v. State*, 845 P.2d 194, 197 (Okla. Crim. App. 1993) (illegal sentence does not affect the validity of a judgment). In any event, it determined the convictions were appropriately used for the sentence enhancement. Finally, to the extent Robinson failed to raise the alleged trial errors on direct appeal, his claims were procedurally barred. Robinson seeks a COA to appeal from the district court's determinations.

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Clark makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, Robinson must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). Where the district court dismissed his habeas petition on procedural grounds, he must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a

reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We review the district court's factual findings for clear error and its legal conclusions *de novo. English v. Cody,* 241 F.3d 1279, 1282 (10th Cir.2001).

In his request for a COA, Robinson frames the issues as follows: (1) whether the district court erred in concluding Robinson was afforded a full and fair opportunity to litigate his Sixth Amendment claim; and (2) whether trial and appellate counsel were ineffective. The district court carefully reviewed Robinson's Sixth Amendment claims and correctly determined his trial counsel and his appellate counsel were not ineffective. His remaining claims are procedurally barred. We **DENY** a COA and **DISMISS** his application.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge