Tracy BUMPUS, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. 0–95–1145.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1996.

*ORDER DISMISSING APPEAL, VACAT-
ING ORDER OF SUSPENSION, AND
REMANDING CASE FOR FURTHER
PROCEEDINGS*

CHAPEL, Vice Presiding Judge.

Appellant, Tracy Bumpus, filed an appeal with this Court from a September 28, 1995 order of the District Court of Muskogee County in Case No. CRF–93–588. The order appealed revoked Appellant's five-year suspended sentence which Appellant received on August 31, 1993, for Knowingly Concealing or Withholding Stolen Property. Pursuant to 22 O.S.Supp.1995, Ch. 18, App., Section XI, *Rules of the Court of Criminal Appeals,* this matter was assigned to this Court's accelerated docket.

On March 15, 1996, simultaneously with the filing of Appellant's "Application for Accelerated Docket—Fast Track," attorney Danny G. Lohmann of the court-appointed Oklahoma Indigent Defense System, the assigned defense counsel for Appellant, filed with this Court a "Motion to Determine Validity of Appeal and Brief in Support." Because Appellant has at least two prior felony convictions, the Motion requested this Court to issue an order determining "whether or not Appellant's appeal from this revocation of his suspended sentence is valid and/or whether it should proceed or be dismissed."[1] *Motion to Determine Validity of Appeal and Brief in Support* at 3. Appellate counsel based his request primarily upon our holding in *Davis v. State,* 845 P.2d 194, 197 (Okl.Cr. 1993). The *Davis* decision construed a provision contained in what was then 22 O.S.Supp. 1988, § 991a(B). This same provision now appears at 22 O.S.Supp.1995 § 991a(C). The referenced provision makes suspended sentences impermissible for any individual "being sentenced upon their third or subsequent to their third conviction of a felony." In *Davis* we stated that by reason of this statutory provision "a judge of the District Court

is without authority to suspend a sentence in whole or in part if a defendant has previously been convicted of two or more felonies." Appellee's response to appellate defense counsel's Motion essentially confesses the Motion concluding that the suspended portion of Appellant's suspended sentence is void under *Davis;* however, Appellee suggests that appellate defense counsel's Motion be treated as a Court of Criminal Appeal's Rule 3.6(B) request to withdraw by defense counsel as attorney of record for Appellant on the grounds that there are no serious issues existing in Appellant's appeal. *Response to Appellant's Motion to Determine Validity of Appeal and Brief in Support* at 2–3.

On May 22, 1996, the Court issued an order reserving final ruling upon the Motion and Response until after oral argument and ordered the case to proceed to oral argument as scheduled. On May 30, 1996, oral argument was held and the Court took all matters under advisement.

■ Having fully considered appellate defense counsel's Motion and the State's Response and the requests made within each, the Court **FINDS** that appellate defense counsel's Motion and the State's Response should each be sustained in part and overruled in part as hereinafter set forth. It is undisputed that Appellant at the time of his sentencing had been convicted within Oklahoma of at least two or more separate and distinct felonies. Under such circumstances and under the authority of our decision in *Davis,* we are compelled to declare the suspended portion of Appellant's sentence voidable at its inception. It now must be vacated and set aside.

By voidable we mean that the order suspending Appellant's sentence was, from the moment it was entered, subject to being set aside upon proof that the District Court was without statutory authority to enter an order of suspension due to Appellant's prior convictions. Had Appellant's prior convictions been sufficiently evident from the record supporting Appellant's conviction at the time

---

1. Appellate defense counsel dutifully filed this Motion in compliance with those ethical obligations imposed upon attorneys under Rule 3.3 of the *Rules of Professional Conduct,* 5 O.S.1991, Ch. 1, App. 3–A.

the suspension order was entered, then we would have had to conclude that the District Court's order of suspension was void on its face. *Cf. In re Brewster,* 284 P.2d 755, 757 (Okl.Cr.1955) (where judgment and sentence disclosed "that the trial court had jurisdiction of the person of the defendant, jurisdiction of the subject matter, and authority under the law to pronounce judgment and sentence imposed," judgment and sentence could not be said to be "void on its face").

As will become more clear below, whether a suspended sentence is "void" or "voidable" has important ramifications for those defendants who might receive or who may now be serving an illegal suspended sentence. For this reason we feel it necessary to clarify our holding in *Davis.* There the defendant, pursuant to a plea agreement, was given a suspended sentence before it was learned by the district court or the District Attorney that the defendant had prior felony convictions. Once the district court learned of the defendant's history, it illegally vacated both the sentence and the judgment upon which the sentence was based and placed defendant on trial. Since defendant Davis refused to withdraw his guilty plea or otherwise consent to retrial, the district court should only have vacated defendant's suspension order. The district court should then have ordered execution of the term of years to which the district court had originally sentenced defendant. *Cf. Robertson v. State,* 888 P.2d 1023 (Okl.Cr.1995) (judgment and sentence could properly be vacated where defendant voluntarily withdrew plea).

 Our declaring of the *Davis* suspension order "void" was occasioned by the undisputed fact that defendant Davis had at least two qualifying prior felony convictions that deprived the district court of its statutory authority to render a suspended sentence. However, prior to establishment of this fact, the district court's suspension order was only "voidable" as there was nothing in the record at the time of the district court's suspension order that demonstrated that the district court was without statutory authority to enter defendant Davis' suspended sentence. As long as the supporting record does not reflect the district court's lack of authority, the district court order cannot be declared

"void." Such an order is instead only "voidable." For this reason, a questioned order is only subject to being vacated and set aside (i.e. made "void") upon the introduction of evidence extrinsic to the existing record which demonstrates that the district court was without statutory authority to enter the order.

In the case at hand, there was no evidence of Appellant's prior convictions until Appellant admitted the same at his revocation hearing some two years after entry of the order suspending his five-year sentence. Although the State in Appellant's case indeed filed a "Supplemental Information" (more commonly known as a "Page Two") which alleged three separate prior felony convictions, this portion of the Information was dismissed as part of Appellant's plea agreement. Accordingly, there was no admission by Appellant at or prior to his guilty plea as to the truth of the allegations of prior convictions as set forth in the State's "Supplemental Information." Absent an admission or any other evidence of prior convictions in the record as it existed at the time of Appellant's plea, there was not and could not have been any judicial determination of the existence of prior convictions that would make the district court's suspension order void upon its face.

The filing of a Page Two is different than the filing of a defendant's actual judgment and sentence. The former is merely written allegations to be proven as any other allegations; however, the latter is actual evidence of a defendant's convictions. Under these circumstances, the order suspending Appellant's sentence was only voidable and remained voidable until such time as extrinsic evidence was offered to the court that its authority to enter the order was non-existent under statute.

In Appellant's case, extrinsic evidence of Appellant's prior convictions arose at the revocation hearing when Appellant admitted under oath without objection that he had at least two prior felony convictions, and it was clear from his testimony that these were prior convictions in existence at the time of his suspended sentence and were prior convictions which otherwise qualified under the terms of Section 991a. Accordingly, the voidable portion of Appellant's sentence must now be vacated.

In *Buckley v. Page,* 465 P.2d 769 (Okl.Cr. 1970), this Court was presented with a problem similar to that which we now face. In *Buckley* the defendant, pursuant to a plea agreement, pled guilty to robbery by firearms in return for a sixteen-year sentence with the last four years of this sentence to be suspended. In an original proceeding before the Court of Criminal Appeals, it was held that the suspended portion of the sentence was "to be considered as surplusage and to be disregarded" because the Legislature at that time had not authorized courts to suspend only a portion of a defendant's sentence. *Buckley,* 465 P.2d at 770. Because the defendant "entered his plea of guilty upon representations made to him regarding the sentence which were not capable of being fulfilled," defendant's plea could no longer be considered voluntary. *Buckley,* 465 P.2d at 771. At defendant's request, his judgment and sentence was set aside and the case remanded to the district court for further proceedings. *Id.*

▮▮ As in *Buckley,* Appellant has also based his guilty plea upon an invalid promise of a suspended sentence. Since we now set aside a portion of the consideration for that promise, i.e., the order suspending Appellant's five-year sentence, Appellant must be given the opportunity to have his judgment and sentence set aside by the withdrawal of his plea of guilty if he so desires. Should Appellant elect to withdraw his guilty plea, then the judgment convicting Appellant of Knowingly Concealing or Withholding Stolen Property and Appellant's five-year sentence must be vacated and Appellant granted a trial. Likewise, should the Appellant withdraw his plea of guilty, then the State's consideration will also have failed, and therefore, the State is no longer bound by its previous dismissal of the Page Two "Supplemental Information" and may prosecute Appellant upon the enhanced charge. On the other hand, if Appellant wishes to stand upon his plea of guilty, then, except for the order of suspension which we have vacated, the Judgment and Sentence shall remain in full force and effect. Accordingly, the District

Court shall in that event order the immediate execution of Appellant's five-year sentence. Appellant should be given credit for all time served in connection with this sentence since the time of his arrest upon the State's Application to Revoke.

▮▮ Nothing in today's decision should be construed to imply that trial courts or District Attorneys are free to ignore the mandates of Section 991a by agreement of the parties or otherwise. To allow such would be an invasion upon the power of the Legislature to determine ranges of punishment for different classes of offenders contrary to the separation of powers upon which our very system of government is founded. Should the district court judge prior to sentencing become aware of the possibility that a defendant is ineligible for a suspended sentence (such as through the filing of a Page Two, a *Burks* notice,[2] a presentence report, discovery filings, or any other means of record in the case) then he or she should inquire further into the defendant's eligibility for a suspended sentence.

▮▮ Prosecutors should not knowingly participate in the entering of suspended sentences for defendants not eligible under Section 991a. The only manner in which such sentences should come about is through the active fraud of defendants who by false statements deny prior felony convictions or who by false statements hide their true identities to avoid discovery of prior felonies. In such cases, the State is free to make application to the district court during the term of the suspended sentence to have the voidable suspension order vacated. As part of any proceedings upon such an application, the defendant must be given notice and an opportunity to be heard in a manner that comports with due process to refute those facts which appear to make him ineligible for the suspended sentence. But as we stated in *Davis,* "Prior to entering into plea agreements, the State should complete its check of a defendant's criminal record to ensure the trial court is fully informed regarding any prior convictions which would affect the sentencing authority of the court." *Davis,* 845 P.2d at 198.

---

**2.** Notice given pursuant to the holdings in *Burks v. State,* 594 P.2d 771 (Okl.Cr.1979) *overruled on* *other grounds Jones v. State,* 772 P.2d 922, 925 (Okl.Cr.1989).

Returning to the case at hand, we **FIND** that the Muskogee County District Court's order of August 31, 1993, suspending Appellant's five-year sentence for Knowingly Concealing or Withholding Stolen Property must be **VACATED** and set aside. We further **FIND** that Appellant's case should be **REMANDED** to the District Court for further proceedings wherein Appellant should be granted a minimum of ten (10) days from the date of his notification to elect whether or not he desires to withdraw his plea of guilty. Should Appellant withdraw his guilty plea, the District Court shall thereupon vacate Appellant's Judgment and Sentence. The State is then free to prosecute Appellant as it deems appropriate. Should Appellant elect to stand upon his plea of guilty, the District Court shall then order the immediate execution of Appellant's sentence of five years imprisonment, credit all time served in custody, and file a corrected Judgment and Sentence.

Having found that the suspended portion of Appellant's five-year sentence is voidable and that the same must now be vacated, it is unnecessary to reach the merits of Appellant's appeal of the District Court's revocation order. Accordingly, Appellant's appeal is **DISMISSED** on the Motion of appellate defense counsel and the Response of the State, and further Appellant's case is hereby **REMANDED WITH INSTRUCTIONS** to the District Court of Muskogee County to proceed in a manner consistent with the above findings and orders of this Court.

/s/Charles S. Chapel
CHARLES S. CHAPEL, Vice
 Presiding Judge
/s/James F. Lane
JAMES F. LANE, Judge
Reta M. Strubhar
RETA M. STRUBHAR, Judge

LUMPKIN, J., dissents.

LUMPKIN, Judge: dissenting.

Once again, this Court instead of sawing the wood which is in front of it seeks to deforest an area of law not at issue in this appeal. I dissent. The following series of events explains why.

1. On August 31, 1993, Appellant pled guilty pursuant to a plea agreement to knowingly concealing stolen property. In exchange for his plea, the prosecution agreed to dismiss a supplemental information previously filed in the case which alleged Appellant had been convicted of two prior felonies. Because the second page was dropped, the court sentenced Appellant to five years imprisonment, then suspended the time to be served. Appellant agreed to abide by certain rules of probation.

2. On Feb. 8, 1995, the prosecution filed an application to revoke the suspended sentence based on a violation of the rules of probation. A hearing on that application was held on September 27, 1995. The probation officer and Appellant testified. Based on the evidence presented, the court found Appellant was in violation of certain rules and conditions of probation and ordered his suspended sentence revoked in full.

3. On March 15, 1996, Appellant filed his "Application for Accelerated Docket—Fast Track." In that application, he alleged as his sole proposition of error that the trial court's revocation of his suspended sentence in full "was excessive under the facts of this case and should be modified." The State filed its Response on April 2, 1996, responding to Appellant's sole proposition of error.

4. Also on March 15, 1996, Appellant's counsel filed a "Motion to Determine Validity of Appeal and Brief in Support" in which counsel asked this Court "to determine the validity of this appeal." In that document, counsel acknowledges the appeal can challenge "only the propriety of the revocation hearing," asking this Court "to determine the validity of this appeal, given that the law did not allow Mr. Bumpus a suspended sentence in the first place." In his request, counsel asked this Court to issue "an Order determining whether or not Appellant's appeal from this revocation of his suspended sentence is valid and/or whether it should proceed or be dismissed." In its response, the State observed it found nowhere in the record that Appellant filed a motion to withdraw his guilty plea; that Appellant admitted at his revocation hearing he had

two prior felonies; that as a matter of law he was ineligible for a suspended sentence; that as a result, even if the court erred in its conclusions revoking the suspended sentence, Appellant was not eligible for one anyway, and therefore the appeal was frivolous. The State urged this Court to interpret Appellant's motion as a motion to withdraw and dismiss the appeal. Appellant did not respond to the State's interpretation of his motion.

The point of this procedural history is this: nowhere in this motion does counsel request the relief granted by this Court. Appellant does not seek to withdraw his guilty plea, nor does he contest the law holding he was ineligible for a suspended sentence. As appellate counsel phrased it, he merely "recogniz[ed] his ethical duty to this Court as co-extensive with the duty to his client." I can in no way interpret this as containing any hidden propositions asking the Court for the relief it has granted.

The Rules of this Court require that the propositions of error in a fast track case be specific and not general in nature. *Rules of the Court of Criminal Appeals,* 22 O.S.Supp. 1995, Ch. 18, App., Rule 11.5(B)(1). Here, appellate counsel specifically alleged that the sentence should not have been revoked in full; he asked for modification of this order. That is clear and concise. That he realized such modification is not possible is to his credit; hence, the motion to determine the validity of his appeal was not general in nature.

In other words, appellate counsel wanted this Court either to (1) rule on his proposition advanced in his Application for Accelerated Docket, or (2) order the appeal dismissed.

In view of this conclusion, the discussion of the difference between "void" and "voidable" is unnecessary and amounts to nothing more than a semantic shell game. In a similar vein, the discussion of whether the trial court had knowledge of Appellant's prior convictions merely seeks to justify the results this Court has reached. However, a review of the record reveals the trial court had notice of the prior convictions as alleged in the second page of the information filed in the case prior to the plea of guilty. Based on these facts, the result proposed in the order

cannot be upheld based on the analysis in the order itself. A trial judge is not just a "potted palm" waiting to receive only the water and sunlight counsel for the parties may want to agree the judge can consider when it is obvious the judge has been put on notice by the record a defendant is not eligible to receive a sentence being suggested by the parties. This Court should never condone such a disregard of the law. The sentencing powers of the court are set out by the statute. The statute specifically prohibits the suspending of a sentence when a person has been previously convicted of two or more prior felony offenses. The order suspending was void from inception in that the trial court had no authority to enter the order.

This Court should rule on the issues as presented by the Appellant. It should not reformat those issues into questions it would like to answer, but was not asked. Based on the record before the Court, and the sole proposition of error presented, the Judgment and Sentence of the District Court should simply be affirmed.