Dear Representative Paulk,
¶ 0 This office has received your letter asking for an official Opinion addressing the following questions:
1. Is an order deferring judgment for a sex offense void orvoidable?
2. Who may request that an order deferring judgment for a sexoffense be vacated or set aside?
¶ 1 A defendant who pleads guilty or nolo contendere to a sex offense[1] is ineligible to receive an order deferring judgment. See 22 O.S. Supp. 1998, § 991c[22-991c](G).[2]
Accordingly, a district court has no authority to enter an order deferring judgment for a sex offense.
¶ 2 An order deferring judgment is not a suspension of a sentence, but is a deferment or postponement of the actual imposition of a judgment and sentence. The deferment procedure involves the factual determination of guilt, either by verdict or acceptance of the first-time offender's plea of guilty or nolocontendere, and deferring the imposition of judgment and sentence for a period not to exceed five (5) years. See 22O.S. Supp. 1998, § 991c[22-991c](A). The district court retains jurisdiction because only a conditional order, not a judgment and sentence, is entered against the defendant. See Silva v. State,900 P.2d 450, 452 (Okla.Crim. 1995).[3]
¶ 3 The order deferring judgment imposes certain conditions of conduct which if violated could result in acceleration of the order deferring judgment and conversion to an adjudication of guilt. See 22 O.S. Supp. 1998, § 991c[22-991c](E). The district court then may sentence the defendant within the statutory range of punishment for the offense.
¶ 4 However, should the defendant successfully complete the probation term, "the defendant shall be discharged without a court judgment of guilt, and the court shall order the verdict or plea of guilty or plea of nolo contendere to be expunged from the record and the charge shall be dismissed with prejudice to any further action." 22 O.S. Supp. 1998, § 991c[22-991c](C).[4] The individual is then discharged from the court's supervision free from the stigma of a felony conviction, because in Oklahoma one is not "convicted" until there is a determination of guilt and
judgment and sentence is passed upon the accused. See 22 O.S.Supp. 1998, § 991c[22-991c](C); See also Nguyen v. State, 772 P.2d 401,403 (Okla.Crim. 1989).
¶ 5 In a suspended sentence, however, judgment is imposed by the court but execution of the sentence is suspended. The court, in its discretion, trying a cause in which a person is convicted of commission of any crime may "[s]uspend the execution of sentence in whole or in part, with or without probation," upon the specific conditions prescribed by the court. See 1999 Okla. Sess. Laws C.4, § 31 (amending 22 O.S. Supp. 1998, § 991a). The term of the suspended sentence must fall within the range of punishment for the offense. If a defendant violates any rule or condition of probation prior to expiration of the term of probation, he is subject to revocation of his suspended sentence.See 22 O.S. Supp. 1998, § 991a[22-991a](A)(1); See also Mullins v.State, 808 P.2d 701, 702 (Okla.Crim. 1991). Unlike an order deferring judgment, a suspended execution of a sentence qualifies as a "conviction" which imports the final consummation of the prosecution by imposition of judgment and sentence. See
1999 Okla. Sess. Laws C.4, § 31(A) (1).
 I.
¶ 6 In response to your first question, an order deferring judgment for a defendant who pleads guilty or nolo contendere to a sex offense is void on its face and must be vacated or set aside. See 22 O.S. Supp. 1998, § 991c[22-991c](G). In an analogous decision, the Oklahoma Court of Criminal Appeals in Bumpus v.State, 925 P.2d 1208, 1209-12 (Okla.Crim. 1996), held that the suspended sentence received by the defendant was voidable because he had prior felony convictions at the time of sentencing, and the defendant was entitled to the opportunity to withdraw his guilty plea due to the invalidity of the suspended sentence.Compare Davis v. State, 845 P.2d 194, 197 (Okla.Crim. 1993) (the court found a suspension order "void" because of the undisputed fact that the defendant had at least two qualifying prior felony convictions that deprived the district court of its statutory authority to render a suspended sentence).
¶ 7 The Bumpus court clarified its holding in Davis
concerning the important distinction between "void" and "voidable" in vacating the order of suspension due to the defendant's prior felony convictions. The court found that if the existence of the defendant's prior felony convictions is sufficiently evident from the record at the time the suspension order is entered, then the district court's order of suspension is considered "void" at its inception. See Bumpus,925 P.2d at 1210.
¶ 8 However, when the supporting record does not reflect the fact that the defendant had prior felony convictions at the time of the defendant's plea, the district court's suspension order is "voidable." See id. The questioned order is only subject to being vacated and set aside upon introduction of evidence extrinsic to the existing record that demonstrates that the district court was without statutory authority to enter the order. See id. Sufficient evidence must be presented to the district court of the defendant's prior felony convictions which may be shown during the term of the suspended sentence to have the order vacated. See id.
¶ 9 The decision in Bumpus was predicated on the fact that the district court did not have the statutory authority to impose a suspended sentence because of the existence of prior felony convictions of the defendant. Likewise, the district court also lacks the statutory authority to impose an order deferring judgment for a sex offense. Therefore, such an order is void on its face and must be vacated or set aside.
 II.
¶ 10 Addressing your second question concerning who may request that an order deferring judgment for a sex offense be vacated or set aside, the prosecutor is free to make application to the district court during the term of the order deferring judgment to have the order vacated. See Bumpus, 925 P.2d at 1211. It is incumbent upon the prosecutor and defense counsel, who are officers of the court, to dutifully disclose to the court the invalidity of the order deferring judgment in compliance with those ethical obligations imposed upon attorneys under Rule 3.3(a)(4) of the Rules of Professional Conduct, 5 O.S. 1991,Ch. 1, App.3-A ("a lawyer shall not knowingly . . . fail to disclose to the tribunal legal authority in the controlling jurisdiction known by the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel").See Bumpus, 925 P.2d at 1209, [1].
¶ 11 The district court judge should also inquire further into the defendant's eligibility for an order deferring judgment if, prior to imposing such an order, the court becomes aware that the defendant may be ineligible for the order. See id. at 1211. Although the Court of Criminal Appeals has not specifically addressed the issue of whether private individuals have standing to initiate proceedings to notify the court of an invalid order deferring judgment, absent express statutory authorization, private individuals have no standing to initiate such proceedings as the decision whether to prosecute is within the discretion of the prosecutor. See Carpenter v. State, 929 P.2d 988, 995
(Okla.Crim. 1996).
¶ 12 Alternatively, the defense may raise the issue on the record during acceleration proceedings in which the State seeks to convert the order deferring judgment to an adjudication of guilt because the defendant has broken the terms of the order.See 22 O.S. Supp. 1998, § 991c[22-991c](E). After establishing the defendant's ineligibility to receive an order deferring judgment, the defendant's original plea is considered involuntary as "the defendant entered his plea of guilty upon representations made to him regarding the sentence which were not capable of being fulfilled." Bumpus, 925 P.2d at 1211 (citing Buckley v. Page,465 P.2d 769, 771 (Okla.Crim. 1970)).
¶ 13 At this juncture, the defendant may elect to have the order set aside by the withdrawal of his plea, as judgment and sentence have not yet been entered, and proceed to trial. Seeid.; see also 22 O.S. 1991, § 517[22-517] ("The court may, at any time before judgment, upon a plea of guilty, permit it to be withdrawn, and a plea of not guilty substituted.") On the other hand, should the defendant stand on his plea, the district court must sentence the defendant within the statutory range of punishment for the sex offense and must give the defendant credit for time served since his arrest on the State's application to accelerate the order deferring judgment. See Bumpus,925 P.2d at 1211.
¶ 14 It is therefore, the official Opinion of the AttorneyGeneral that:
1. A defendant who pleads guilty or nolo contendere to a sexoffense is ineligible to receive an order deferring judgmentpursuant to 22 O.S. Supp. 1998, § 991c(G). Accordingly, anorder deferring judgment for a sex offense is void on its face.
2. The prosecutor or defense counsel may request that an orderdeferring judgment for a sex offense be vacated or set aside.Private individuals, however, have no standing to initiate suchproceedings as the decision whether to prosecute is within thediscretion of the prosecutor.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES F. KELLY ASSISTANT ATTORNEY GENERAL
[1] Section 991c(G) of Title 22 references "sex offense" but does not define the term. However, the same term is defined in the Sex Offender Registration Act, 57 O.S. 1991 and Supp. 1998,§§ 581-589 ("the Act"). A rule of statutory construction is that "[w]henever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." See 25 O.S. 1991, § 2[25-2]. As no contrary intention plainly appears in the Oklahoma Statutes, the definition of "sex offense" in the Act is applicable to the same term in § 991c(G). The Act delineates the following crimes in Title 21 of the Oklahoma Statutes as "sex offenses": Incest (§ 885), Forcible Oral Sodomy (§ 888), Procuring Lewd Exhibition (§ 1021(A)(2)), Distribution of Pornography (§ 1021(A)(3), (4)), Solicitation of a Minor (§ 1021(B)(1)), Exhibition of Obscene Material to a Minor (§ 1021(B)(2)), Procuring Minor for Prostitution (§ 1087(A)), Permitting the Procuring of a Minor for Prostitution (§ 1087(B)), Keeping a Minor for Prostitution (§ 1088(A)), Permitting the Keeping of a Minor for Prostitution (§ 1088(B)), Rape in the First Degree (§ 1114), Spousal Rape in the First Degree (§ 1114), Rape in the Second Degree (§ 1114), Rape by Instrumentation in the First Degree (§ 1114), Rape by Instrumentation in the First Degree (Child Under 14) (§ 1114), Rape By Instrumentation in the Second Degree (§ 1114), Lewd or Indecent Proposals or Acts as to a Child Under 16 (§ 1123(A)), and Sexual Battery (§ 1123(B)). The Act also designates the crimes of Sexual Abuse of a Minor and Sexual Exploitation of a Minor (10 O.S. Supp. 1998, § 7115[10-7115]) as "sex offenses" within its provisions. See 57 O.S. 1991, §582[57-582].
However, the offense of Indecent Exposure (21 O.S. 1991, §1021[21-1021](A)) is not considered a "sex offense" in deferment proceedings. See 21 O.S. Supp. 1998, § 991c[21-991c](G). Thus, a first-time offender who pleads guilty or nolo contendere to the offense of Indecent Exposure is eligible to receive an order deferring judgment. See 21 O.S.Supp. 1998, § 991c[21-991c](G).
[2] Section 991c(G) reads in pertinent part:
 The deferred judgment procedure described in this section shall not apply to defendants who plead guilty or nolo contendere to a sex offense.
22 O.S. Supp. 1998, § 991c[22-991c](G).
[3] Rules of the Court of Criminal Appeals (22 O.S. Supp. 1998Ch. 18, App.), Rules 1.13(A) and 2.1(B)(4), and Section XIII, Form 13.8 (defining the "judgment and sentence" in a criminal case as "The formal instrument which reflects the judgment and sentence of the district court and the date it was pronounced" and setting forth the form to be used in the district court).
[4] However, 22 O.S. Supp. 1998, § 991c[22-991c] does not authorize the district court to expunge criminal arrest records. See Hicksv. Freeman, 795 P.2d 110, 113 (Okla.Crim. 1990).