Dear Director, Saffle
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Are offenders who score outside the moderate range on theLevel of Services Inventory ("LSI") (a test that measures anoffender's risk of recidivism) eligible, under the OklahomaCommunity Sentencing Act (22 O.S. Supp. 1999, §§988.1-990a-1.1 and 2000 Okla. Sess. Laws ch. 39, §§ 1-2(codified as amended at 22 O.S. Supp. 2000, §§ 988.16[22-988.16],988.20)), to be given a community sentence, and thus liable topay community service program administrative fees to theDepartment of Corrections ("DOC")?
¶ 1 Your question involves the DOC's responsibilities to manage certain fees assessed on offenders under the Oklahoma Community Sentencing Act ("Act"). In particular, you ask about the administrative fee mentioned in 22 O.S. Supp. 1999, § 988.9[22-988.9]
which reads in pertinent part as follows:
 B. In addition to any supervision fee, offenders participating in a local community sentencing system under a court-ordered community punishment shall be required to pay an administrative fee to support the local system which shall not exceed Twenty Dollars ($20.00) per month to be set by the court. Administrative fees when collected shall be deposited with the Community Sentencing Division within the Department of Corrections and credited to the local community sentencing system for support and expansion of the local community corrections system. In the event the court fails to order the amount of the administrative fee, the fee shall be Twenty Dollars ($20.00) per month.
Id.
 ¶ 2 The DOC is required to deposit the funds from theadministrative fees in the Oklahoma Community Sentencing Revolving Fund and credit them to the local jurisdictions from which they were collected. See 22 O.S. Supp. 2000, §988.16[22-988.16](F); 57 O.S. Supp. 1999, § 557.2[57-557.2].
¶ 3 You ask specifically whether the DOC must collect, deposit, and disburse administrative fees assessed on offenders who test outside the Level of Services Inventory (LSI) moderate range and are sentenced by a district court to a community sentence. Implicit in your question is whether such offenders may properly be required to pay the administrative fees. Paying the administrative fees mandated by Section 988.9(B) is limited to "offenders participating in a local community sentencing system under a court-ordered community punishment." Id. Looking at the Community Sentencing Act as a whole, we conclude that the offenders about whom you ask are not eligible for a community sentence. Such offenders, therefore, cannot properly be assessed the administrative fees described in Section 988.9.
¶ 4 The community sentencing system created by the Act offers courts a variety of punishments and treatments to give offenders as an alternative to incarceration. Sentencing options include: community service (with or without compensation to the offender); substance abuse treatment and drug testing; varying levels of supervision; education and literacy instruction; and employment opportunities and job skills training. See 22 O.S. Supp. 1999,§ 988.8[22-988.8](A). These sentencing options are not available for all offenders, however. The Act makes clear that only "eligible offenders" may be sentenced under a community sentencing system.
¶ 5 Offenders must meet two criteria to be eligible for community sentencing: (1) being convicted or pleading guilty or nolo contendere to a nonviolent felony; and (2) falling within the moderate range of a Level of Services Inventory (LSI) without being otherwise prohibited by law from receiving such a sentence.See 22 O.S. Supp. 1999, § 988.2[22-988.2](A)(8).
¶ 6 The Act defines an "[e]ligible offender" as follows:
 [A] felony offender who has been convicted of or who has entered a plea other than not guilty to a felony offense and who upon completion of a Level of Services Inventory or another assessment instrument has been found to be in the moderate range and who is not otherwise prohibited by law[.]
Id.
¶ 7 Further, Section 988.2(A)(8) excludes offenders who commit certain violent crimes unless the prosecuting attorney consents,see 57 O.S. Supp. 1999, § 571[57-571](5), as well as those who commit the crimes enumerated in 21 O.S. Supp. 1999, § 13.1[21-13.1].[1]
¶ 8 The Act mandates an LSI for offenders as a prerequisite for community sentencing as follows:
 The Department of Corrections shall utilize the Level of Services Inventory (LSI) assessment instrument, or another assessment that evaluates criminal risk to recidivate, to evaluate all eligible offenders sentenced to community punishments under the . . . Act. This assessment shall not be waived and is required for eligibility determination.
22 O.S. Supp. 1999, § 988.17[22-988.17](A).
¶ 9 The Act requires that as of March 1, 2000 an LSI be administered before sentencing to all felony offenders being considered for community punishment. See 22 O.S. Supp. 1999, §988.18[22-988.18](A). The LSI is used to "identify the extent of the defendant's deficiencies and pro-social needs, the potential risk to commit additional offenses that threaten public safety, and the appropriateness of various community punishments." Id. § 988.18(B). The LSI classifies offenders' risk/need levels as either low, moderate, or high. Section 988.18 states further that "[a]ny offender scoring outside the moderate range on the LSI assessment shall not be eligible for any state funded community punishments." Id. § 988.18(E).
¶ 10 Sentencing under the Act is a two-step process. First, the court imposes a deferred or suspended sentence for the offense as prescribed by law; then, if the offender has scored within the moderate range on the LSI, the court orders the appropriate community punishment as a condition of that deferred or suspended sentence. See 22 O.S. Supp. 1999, § 988.19[22-988.19](A).
¶ 11 The situation you raise is that an offender scores outside the moderate range on an LSI, is given a community sentence, and is assessed an administrative fee. Such a result is not contemplated under the Act. Throughout the Act, references are made to "eligible offenders" who are, by definition, those who score within the moderate range on the LSI. This conclusion raises the issue of whetheran order imposing a community sentence is void or voidable when given to an offender who falls outside the moderate range.
¶ 12 To determine whether a community sentence was void or voidable, a court would need to check whether the record[2]
"affirmatively shows that the trial court lacked either (1) jurisdiction over the person; (2) jurisdiction over the subject matter; or, (3) judicial power to render the particular judgment." Town of Watonga v. Crane Co., 114 P.2d 941, 942
(Okla. 1941) (citation omitted). In your situation, the third element is at issue. A court has no power to render a judgment or sentence other than what is permitted by statute. See Robertsonv. State, 888 P.2d 1023, 1025 and n. 8 (Okla.Crim.App. 1995). Therefore, if the record before the sentencing court contained the offender's LSI score and that score was outside the moderate range, the court would have no power to order a community punishment.
¶ 13 In Bumpus v. State, 925 P.2d 1208 (Okla.Crim.App. 1996), the trial court gave a suspended sentence to a defendant who had two prior felony convictions, when the relevant statute said such a defendant was not eligible for a suspended sentence.Id. at 1210. At the time of the defendant's plea, neither the prosecution nor the defense informed the court of the prior convictions. The Court of Criminal Appeals held that if nothing in the record at the time of the court's order indicates that an offender is ineligible for a particular sentence, the resulting order is voidable. See id. If, however, evidence showing an offender is not eligible for a particular sentence is contained in the record, the order is void on its face. See id.; see also
A.G. Opin. 99-57 at 277.
¶ 14 If a sentence is void or voidable, it is subject to being vacated or set aside upon petition to the court by the proper party. The duty of informing the court of a void or voidable sentence falls upon either the prosecutor or defense counsel; private individuals have no standing to initiate such proceedings. See Carpenter v. State, 929 P.2d 988, 995
(Okla.Crim.App. 1996); see also A.G. Opin. 99-57 at 278. Further, in cases where an offender pled guilty rather than being convicted, his or her judgment and sentence could be set aside at the offender's request because the defendant "entered his plea of guilty upon representations made to him regarding the sentence which were not capable of being fulfilled." Bumpus, 925 P.2d
at 1211 (citing Buckley v. Page, 465 P.2d 769, 771
(Okla.Crim.App. 1970)).
¶ 15 In your situation, a court has no authority to sentence an offender to a community punishment unless the offender is eligible for such a sentence under the Act. The Act defines eligible offenders as those who have an LSI score in the moderate range. An offender who scores outside the moderate range is not eligible for a community sentence. A community sentence imposed on such an offender may be either void or voidable, depending on whether there was sufficient evidence (the LSI score) in the record to indicate the offender was not eligible for the sentence imposed. It follows that no administrative fees should be assessed against those offenders who are not properly sentenced under the Act. Unless and until a court determines that a particular sentence is void or voidable, however, the DOC may continue to collect, deposit and disburse administrative fees from an offender who scored outside the moderate range on an LSI and was sentenced to a community punishment.
¶ 16 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Under the Oklahoma Community Sentencing Act (22 O.S.Supp. 1999, §§ 988.1-990a.1-1 and 2000 Okla. Sess. Lawsch. 39, §§ 1-2 (codified as amended at 22 O.S. Supp. 2000, §§988.16[22-988.16], 988.20)), only eligible offenders as defined by the Act— those who commit certain nonviolent felonies and score in themoderate range on an LSI — may receive community punishments andbe assessed administrative fees.
 2. A community sentence imposed on an offender who is noteligible for such a sentence under the Act is subject to beingvacated or set aside upon petition to the court by the properparties.
 3. Unless and until a court vacates or sets aside anoffender's sentence for community punishment, the DOC maycollect, deposit, and disburse the monies it receives fromadministrative fees assessed under the Act.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DEBRA SCHWARTZ ASSISTANT ATTORNEY GENERAL
[1] The crimes in Section 13.1 are first degree murder, robbery with a dangerous weapon, first degree rape, first degree arson, first degree burglary, child abuse, forcible sodomy, child pornography, child prostitution, and lewd molestation of a child.See id.
[2] The record consists of "the petition, process, return, pleadings subsequent thereto, reports, verdicts, orders, judgments, and all material acts and proceedings of the court."See Crane, 114 P.2d at 942.