Dear District Attorney Virginia D. Sanders
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions:
 1. Is it lawful for the terms and conditions of a judgment and sentence to provide that a defendant who meets the statutory requirements for registration under Oklahoma's Sex Offenders Registration Act, 57 O.S. 2001 Supp. 2002, §§ 581-589, is not required to register?
 2. Is a judgment and sentence legally enforceable which provides that a defendant who meets the statutory requirements for registration under 57 O.S. 2001 Supp. 2002, §§ 581-589, is not required to register?
 I.
 Oklahoma's Sex Offenders Registration Act Mandates That Offenders Who Meet Certain Statutory Requirements Register As Sex Offenders With The Oklahoma Department Of Corrections And Local Law Enforcement.
¶ 1 In 1989 the Oklahoma Legislature adopted the Sex Offenders Registration Act ("Act"). 1989 Okla. Sess. Laws ch. 212, §§ 1-7 (codified as amended at 57 O.S. 2001 Supp. 2002, §§ 581-589). Section 582 of the Act lists the persons to whom the Act applies. The portion of Section 582 applicable to your question provides:
 A. The provisions of the Sex Offenders Registration Act, Section 581 et seq. of this title, shall apply to any person residing, working or attending school within the State of Oklahoma who, after November 1, 1989, has been convicted, whether upon a verdict or plea of guilty or upon a plea of nolo contendere, or received a suspended sentence or any probationary term for a crime or an attempt to commit a crime provided for in Section 7115 of Title 10 of the Oklahoma Statutes if the offense involved sexual abuse or sexual exploitation as those terms are defined in Section 7102 of Title 10 of the Oklahoma Statutes, Section 681, if the offense involved sexual assault, 741, if the offense involved sexual abuse or sexual exploitation, Section 843.1, if the offense involved sexual abuse or sexual exploitation, 865 et seq., 885, 886, 888, 891, 1021, 1021.2, 1021.3, 1040.13a, 1040.51, 1087, 1088, 1111.1, 1114 or 1123 of Title 21 of the Oklahoma Statutes.
Id. The Act also applies to those who reside, work or attend school in Oklahoma, and who have been convicted or received a suspended or deferred judgment in another state, a federal court, an Indian tribal court or a military court. Id. §§ 582(B), (C); 583(B). Specific provisions of the Act apply to those persons. However, the distinctions between the different categories of offenders are not important to an analysis of the questions you have presented.
¶ 2 Section 583(A) specifically provides that "[a]ny person who becomes subject to the provisions of the Sex Offenders Registration Act on or after November 1, 1989, shall beregistered," then proceeds to discuss the requirements for registration. (Emphasis added). Those who are subject to the Act are required to register with the Department of Corrections (id. § 583(A)(1)), and with the local law enforcement authority having jurisdiction in the area where the person resides or intends to reside for more than seven days. Id. § 583(A)(2). Generally, the persons "shall be required to register for a period of ten (10) years" and the information is to be retained by the registering authority for at least ten years. Id. § 583(C), (D) (emphasis added).
¶ 3 The Legislature has provided a penalty for those who fail to register. Title 57 O.S. 2001, § 587[57-587], provides:
 Any person required to register pursuant to the provisions of the Sex Offenders Registration Act, Section 581 et seq. of this title, who violates any provision of said act shall, upon conviction, be guilty of a felony. Any person convicted of a violation of this section shall be punished by incarceration in a correctional facility for not more than five (5) years, a fine not to exceed Five Thousand Dollars ($5,000.00), or both such fine and imprisonment.
Id.
¶ 4 You first ask whether it is lawful for the terms and conditions of a judgment and sentence to provide that a defendant who meets the statutory requirements for registration under the Act is not required to register. It is clear from the statutory provisions that a defendant who falls within the terms of the Act is required to register. 57 O.S. Supp. 2002, §§ 582[57-582](A)-(C); 584.[1] The use of the term "shall" denotes that registration is mandatory. Osprey L.L.C. v. Kelly-Moore PaintCo., 984 P.2d 194, 199 (Okla. 1999). The term is given its common meaning of "must" and is interpreted as implying a command or mandate. Sneed v. Sneed, 585 P.2d 1363, 1364 (Okla. 1978).
¶ 5 The mandatory nature of registration for statutorily-defined offenders is also evident when the Act is reviewed in light of other statutory provisions. The Legislature has created a separate registration act for juveniles, the Juvenile Sex Offender Registration Act ("Juvenile Act"). See10 O.S. Supp. 2002, §§ 7308-1.1-7308.1.13. The Juvenile Act at Section 7308-1.4(A) provides that "[w]hen a person meets the definition of a juvenile sex offender pursuant to Section 7308-1.2 of this title, the district attorney may make anapplication to include the juvenile in the juvenile sex offenderregistry." (Emphasis added). Section 7308-1.4(A) then discusses the procedures for placing a juvenile on the registry, including the appointment of a panel to "evaluate the juvenile and report to the court on the treatment prognosis and likelihood that the juvenile offender represents an ongoing serious or aggressive threat to the public or children under sixteen (16) years of age." Id.
¶ 6 The Juvenile Act provides that "[t]he court shall, after consideration of the evaluation report required by subsection A of this section, make a finding of whether the juvenile offender represents an ongoing serious or aggressive threat to the public or children under sixteen (16) years of age." Id. § 7308.1.4(B). When "the court finds the juvenile represents such threat, the court shall order the juvenile to register on the juvenile sex offender registry." Id.
¶ 7 The contrast between the two acts makes it clear that the Legislature intended that registration for juveniles be discretionary on the part of the district attorney, but that registry for those who meet the statutory requirements of Title 57 be mandatory. Thus, a judgment and sentence may not lawfully state that a defendant who meets the requirements for Title 57 registration is not required to register.
 II. The Purpose Of The Sex Offenders Registration Act Is For The Protection Of The Public And The Act Is Not Punitive.
¶ 8 The stated purpose of the Sex Offenders Registration Act is further evidence that a sentencing court may not exempt a defendant who is statutorily required to register from registration. In 1997,[2] the Act was amended to provide the current version 57 O.S. 2001, § 581 (B):
 The Legislature finds that sex offenders who commit other predatory acts against children and persons who prey on others as a result of mental illness pose a high risk of re-offending after release from custody. The Legislature further finds that the privacy interest of persons adjudicated guilty of these crimes is less important than the state's interest in public safety. The Legislature additionally finds that a system of registration will permit law enforcement officials to identify and alert the public when necessary for protecting the public safety.
Id.
¶ 9 The Legislature made it clear that the purpose of the Act is to protect the public from sex offenders. Criminal prosecutions, however, punish the offenders for violating criminal laws. Garrity v. Fiedler, 41 F.3d 1150, 1153 (7th Cir. 1994). Recognizing this concept, the United States Supreme Court held that Alaska's retroactive application of its sexual offender registration law did not constitute retroactive punishment forbidden by the Ex Post Facto Clause of the United States Constitution, as it was a civil, nonpunitive regime.Smith v. Doe, ___ U.S. ___, 123 S.Ct. 1140, 1154 (2003). A number of other courts have also held that sex offender registration is not punitive in nature. See People v. McMurrey, 39 P.3d 1221,1225 (Colo.Ct.App. 2001) ("[C]lassification or registration as a sex offender . . . is not an element of a defendant's sentence."); Alaska v. Martin, 17 P.3d 72, 73 (Alaska Ct.App. 2001) (citation omitted) (holding that "sex offender registration is not part of a defendant's sentence but is, instead, a civil regulatory measure that attaches certain collateral consequences to a conviction for a sex offense."); Kansas v. Legg,13 P.3d 355, 358 (Kan.Ct.App. 2000) ("Sex offender registration is not penal in nature or a direct consequence to a plea."); Johnson v.Wyoming, 922 P.2d 1384, 1387 (Wyo. 1996) (holding that Wyoming's sex offender registration statute is a regulatory measure, not punishment).
¶ 10 Under Oklahoma law, a judge sentencing a criminal defendant is limited to the powers articulated by statute. SeeNevious v. State, 774 P.2d 1070, 1071 (Okla.Crim. 1989) (holding that when a judgment and sentence was modified to delete an order to pay $250.00 into the court fund upon the defendant's release, the trial court did not have authorization from the Legislature to impose a penalty); Ex parte Custer,200 P.2d 781, 783 (Okla.Crim. 1948) (holding that the trial court was without jurisdiction to impose a three-year sentence when the maximum provided by statute was two years).
¶ 11 Title 22 O.S. 2001, § 991a[22-991a][3] describes the powers of a sentencing court to include suspending the "execution of [a] sentence in whole or in part, with or without probation." Id. § 991a(A)(1). A court may, in addition to suspending a sentence, order other conditions which are listed by statute such as providing restitution, engaging in community service, reimbursing various funds, or participating in substance abuse education or treatment. Id. § 991a(A)(1)(a), (c), (f), (l). A court is also vested with certain sentencing powers independent of suspending the sentence. Section 991a specifically authorizes such powers which include, among others, imposing a fine, ordering reimbursement, and requiring treatment. Id. § 991a(A)(2)-(11).
¶ 12 In Section 991a the only references to the Sex Offenders Registration Act are subsections (A)(1)(ee) and (A)(10). Section 991a(A)(1)(ee) allows the court, "in the case of a sex offender sentenced after November 1, 1989, and required by law to register pursuant to the Sex Offender Registration Act," to order offenders to participate in a treatment program, delineating the court's powers in addition to suspending sentences. Section 991a(A)(10) orders offenders to participate in a treatment program and sets forth general sentencing powers, independent of suspension. While these provisions give a sentencing judge the option of ordering participation in a treatment program, they do not give the court the option of exempting an offender from registration.
¶ 13 Thus, a court is without authority to order, through a judgment and sentence, that those persons statutorily defined by the Legislature as sex offenders subject to registration are not required to register.
 III. A Judgment And Sentence Which States That A Defendant Is Not Required To Register Under The Act Is Not Enforceable.
¶ 14 Your last question is more complex. You ask whether a judgment and sentence which states that a defendant is not required to register under the Act is enforceable. Generally, "jeopardy attaches once the defendant enters a plea [of guilty] after being advised of his rights and does not seek to withdraw his plea." Davis v. State, 845 P.2d 194, 196 (Okla.Crim. 1993). However, a sentence which is void from its inception may be set aside after a defendant has begun serving it. Robertsonv. State, 888 P.2d 1023, 1025 (Okla.Crim. 1995). The Court of Criminal Appeals has discussed three elements which prevent a document from being void on its face. See In re Brewster,284 P.2d 755, 757 (Okla.Crim. 1955). The elements are, "jurisdiction of the person of the defendant, jurisdiction of the subject matter, and authority under the law to pronounce the judgment and sentence imposed." Id. As was discussed above, a trial court is without authority to order, as part of a judgment and sentence, that a defendant who meets the statutory requirements for registration under the Act is not to register. Thus, the portion of a judgment and sentence which exempts a defendant who meets the statutory requirements for registration from registering is void.
¶ 15 The Court of Criminal Appeals has made it clear in other situations that sentences which are not within the range of punishment provided by law are void. See Robertson,888 P.2d at 1025 ("[S]entences which are not within the statutorily prescribed range of punishment are void."); Davis,845 P.2d at 197-98 (holding that an order suspending a twice-convicted offender's sentence was void where the statute prohibited a suspended sentence for repeat offenders, and the record demonstrated that the defendant had prior convictions); Staffordv. State, 800 P.2d 738, 739 (Okla.Crim. 1990) (holding that a defendant's indeterminate sentence was void where the statute providing for indeterminate sentences had been repealed before the defendant was sentenced).
¶ 16 The distinction between void and voidable sentences was discussed by the Oklahoma Court of Criminal Appeals in Bumpus v.State, 925 P.2d 1208 (Okla.Crim. 1996). In Bumpus, the court recognized the distinction as being whether the defect is apparent from the record, or whether extrinsic evidence is required to demonstrate that the judgment and sentence is defective. Id. at 1210. In Bumpus, the error was that the defendant, who had prior convictions, was given a suspended sentence which was unauthorized by law. Id. 1209. Because extrinsic evidence was required to prove that the defendant did in fact have prior convictions, the sentence was voidable instead of void. Id. at 1210.
¶ 17 A court's sentencing powers do not include the authority to order a nonpunitive measure, such that a defendant is not required to register under the Act. A trial court exceeds its sentencing authority as a matter of law when it exempts from registration a defendant who is otherwise required to register. No extrinsic evidence is needed to prove that the judgment and sentence is in error. Thus, the portion of a judgment and sentence exempting a defendant from registration is void and unenforceable.
¶ 18 You have not specifically asked, and this Opinion does not address, the situation where the portion of the judgment and sentence exempting a defendant from registration has induced a guilty plea from a defendant. In such situations, the proper inquiry is whether a criminal defendant's guilty plea has been made knowingly and voluntarily. Berget v. State,824 P.2d 364, 370 (Okla.Crim. 1991). To enter a plea that is knowing and voluntary a criminal defendant must have "a full understanding of what the plea connotes and of its consequence." Boykin v.Alabama, 395 U.S. 238, 244 (1969). If a guilty plea is premised on assurances that a defendant is not required to register under the Act and the judgement and sentence cannot be enforced, the defendant should be allowed an opportunity to withdraw his plea. See Couch v. State, 814 P.2d 1045, 1047
(Okla.Crim. 1991) (citing Santobello v. New York,404 U.S. 257, 263 (1971)) (a defendant was allowed the opportunity to withdraw his plea where specific performance of the plea agreement could not be ordered, as the plea was based on the imposition of a constitutionally infirm sentence); Bailey v.State, 730 P.2d 1212, 1213 (Okla.Crim. 1987) ("[When] a defendant enters a plea of guilt based on a plea bargain agreement, he must be allowed to withdraw his plea if the judge declines to follow the recommended sentence."). Whether a particular defendant's guilty plea is premised on an agreement that he or she will not be required to register is a question of fact to be determined on a case-by-case basis if raised by a defendant in the proper procedural context. Such a question is not capable of being answered in an Attorney General Opinion. 74O.S. 2001, § 18b[74-18b](A)(5). IV.
 Conclusion
¶ 19 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Registration as a sexual offender is mandatory for individuals who are statutorily required to register pursuant to the terms of Oklahoma's Sex Offenders Registration Act, 57 O.S. 2001 Supp. 2002, §§ 581-589. A court may not, as part of a judgment and sentence, exempt a criminal defendant from registration.
 2. A trial court is without sentencing authority under 22 O.S. 2001, § 991a[22-991a] to order that a criminal defendant, who meets the statutory requirements for registration under the Sex Offenders Registration Act, is exempt from registration, and the portion of a judgment and sentence which states that such a defendant is not required to register is void and therefore unenforceable.
 3. To be constitutionally valid, a guilty plea must be entered knowingly and voluntarily with "a full understanding of what the plea connotes and of its consequence." Boykin v. Alabama, 395 U.S. 238, 244 (1969). Whether a guilty plea fails to meet the requirements of being knowing and voluntary because a defendant has been induced to plead guilty based on assurances that he will not be required to register as a sex offender is a question of fact to be decided on a case-by-case basis, and is not capable of being answered in an Attorney General Opinion. 74 O.S. 2001, § 18b(A)(5).
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 SANDRA D. RINEHART Senior Assistant Attorney General
[1] See 2003 Okla. Sess. Laws ch. 3, § 49 (amending 57 O.S.Supp. 2002, § 584[57-584]). The modifications are not germane to the discussion here.
[2] See 1997 Okla. Sess. Laws ch. 260, § 2(B).
[3] See 2003 Okla. Sess. Laws ch. 178, § 1 (amending 21 O.S. 2001, § 991a[21-991a]). The modifications are not germane to the discussion here.