FILED
United States Court of Appeals
Tenth Circuit

**December 16, 2009**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

VECENTIE SONTIAGO MORALES,
JR.,

        Petitioner-Appellant,

v.

JUSTIN JONES, Director,

        Respondent-Appellee.

No. 09-6166
(Case No. 08-CV-01283-C)
(W.D. Okla.)

---

**ORDER**[*]

---

Before **LUCERO**, **McKAY**, and **MURPHY**, Circuit Judges.

---

Petitioner, a *pro se* state prisoner, seeks a certificate of appealability to

appeal the district court's denial of his § 2254 habeas petition relating to a

sentence revocation hearing.  In 1999, Petitioner pled guilty to obtaining

merchandise or money by means of a false and bogus check following a former

felony conviction, and he was sentenced to a ten-year term of imprisonment with

all but the first eighteen months suspended.  In 2005, a hearing was held on the

prosecution's application to revoke the suspended sentence.  The state district

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court found that Petitioner had violated the terms of his probation, and the court therefore revoked the suspended sentence and sentenced Petitioner to serve a term of imprisonment of eight years and six months. The revocation and sentence were affirmed on direct appeal, and Petitioner's request for post-conviction relief was denied by the state district court and again on appeal. Petitioner then filed the instant federal habeas petition, in which he challenged the legality of the original suspended sentence,[1] the state court's decision to revoke the entire suspended portion of the sentence, several procedural aspects of the revocation proceeding, a restitution order given in the revocation proceeding, and the effectiveness of his appellate counsel.

The case was referred to a magistrate judge, who determined that Petitioner was not entitled to federal habeas relief on any of his claims. The magistrate judge concluded that most of the claims were procedurally defaulted because Petitioner did not raise these arguments in his direct appeal and did not claim in his petition for state post-conviction relief that his appellate counsel was ineffective for failing to raise these claims. *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). As for the claim that the original suspended sentence was invalid, the

---

[1] Petitioner argued that the trial court did not have authority under Oklahoma law to suspend any portion of the sentence because Petitioner had more than one prior felony conviction at the time. *See Davis v. State*, 845 P.2d 194, 197 (Okla. Crim. App. 1993); *Bumpus v. State*, 925 P.2d 1208, 1210 (Okla. Crim. App. 1996). The ten-year sentence itself was within the statutory range of punishment for this offense.

magistrate judge determined that this claim was time-barred because it should have been raised within one year after the original conviction became final. The magistrate judge concluded that Petitioner had properly exhausted his claim that counsel was ineffective for failing to assert the invalidity of the original suspended sentence. However, on the merits, the magistrate judge concluded that Petitioner had not satisfied the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984), in light of the Oklahoma Court of Criminal Appeals' holding that state law would not permit appellate counsel to use the revocation appeal to challenge Petitioner's original sentence. Finally, as for Petitioner's argument that the state district court erred in revoking the entire suspended sentence and sentencing him to serve eight and one-half years of imprisonment, the magistrate judge concluded that Petitioner had not demonstrated that this sentence was grossly disproportionate to the severity of the crime.

The district court agreed with the magistrate judge's conclusions and therefore denied Petitioner's habeas petition. Petitioner now seeks a certificate of appealability as to all of the claims raised in that petition. Rather than addressing the procedural grounds on which his claims were dismissed, he focuses on the merits of the asserted claims. However, after thoroughly reviewing the record on appeal, Petitioner's filings in this court, the magistrate judge's report and recommendation, and the district court's ruling, we conclude that reasonable jurists would not debate the correctness of the dismissal of most of his claims on

procedural grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As for those claims that were considered on the merits, we conclude that reasonable jurists would not find the magistrate judge's assessment of these claims debatable or wrong. *See id.* Therefore, for substantially the reasons set forth by the magistrate judge and district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal. We **GRANT** Petitioner's motion for leave to proceed *in forma pauperis*.

Entered for the Court


Monroe G. McKay
Circuit Judge
