FILED
United States Court of Appeals
Tenth Circuit

February 10, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENWARD CIRCUIT

---

SONNY LAUREN HARMON, SR.,

Plaintiff - Appellant,

v.

RICHARD R. SITZMAN, Assistant
District Attorney; TIM D.
KUYKENDALL, District Attorney;
LARRY S. BALCERAK, Assistant
District Attorney; WILLIAM N.
PETERSON, District Attorney;
THOMAS PURCELL, Chief Counsel
OIDS; TASHA A. STEWARD, OIDS
Attorney; JAMES D. BEDNAR,
Executive Director OIDS,

Defendants - Appellees.

No. 10-6223

(W.D. Oklahoma)

(D.C. No. 5:09-CV-01132-C)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **ANDERSON**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Plaintiff Sonny Lauren Harmon, Sr., a state prisoner in Oklahoma, proceeding *pro se*, appeals the dismissal of his 42 U.S.C. § 1983 action against numerous Oklahoma legal officials.  We affirm.[1]

## BACKGROUND

On October 15, 1993, Mr. Harmon pled guilty to conspiracy to commit a felony in Garvin County, Oklahoma.  He was given a three-year suspended sentence.  As it happened, however, Mr. Harmon was not eligible to receive a suspended sentence under Oklahoma law at that time, because he had two or more prior felony convictions.[2]  For some reason not apparent in this record, this error of state law went unnoticed until May 16, 2008, when the state district court of

---

[1]A jurisdictional issue has been referred to us as the merits panel in this appeal.  We construe Mr. Harmon's "Motion for Correction Order to Issue and Notice to the Court of Related Appeal" as a Fed. R. Civ. P. 59 or 60 motion, and conclude that his notice of appeal was timely filed.  See Fed. R. App. P. 4(a)(4)(A).  We therefore have jurisdiction over this appeal.

[2]The relevant Oklahoma statute provided that individuals "being sentenced upon their third or subsequent to their third conviction of a felony" were ineligible to receive a suspended sentence.  Okla. Stat. tit. 22, § 991a(C); see also Bumpus v. State, 925 P.2d 1208, 1209-12 (Okla. Crim. App. 1996) (vacating a suspended sentence because the defendant had at least two prior felony convictions).

Garvin County, Oklahoma, entered a summary order vacating the "illegal judgment and sentence" imposed on Mr. Harmon in 1993.

In the interim, in 2001, Mr. Harmon was convicted in state court in Pontotoc County, Oklahoma, of concealing stolen property and of four other crimes. Mr. Harmon avers the 1993 subsequently-voided conviction ("Void Conviction") was used to enhance the sentences imposed in these latter convictions. He concedes, however, that as of the sentencing in that case, the 1993 conviction had not yet been declared void.

Mr. Harmon was also convicted in April 2006 in Garvin County, Oklahoma, of multiple charges of second-degree burglary after being convicted previously of two or more felonies. Mr. Harmon again claims that, at the combined trial on all of these charges, the state introduced evidence of the Void Conviction for purposes of enhancing his sentence, even though he concedes that 1993 conviction had not yet been declared void. Mr. Harmon was sentenced to twenty years' imprisonment on each of the three second-degree burglary convictions, to be served consecutively.

Mr. Harmon brought the instant 42 U.S.C. § 1983 action, alleging the following: malicious prosecution, against District Attorney Tim D. Kuykendall, District Attorney William N. Peterson, Assistant District Attorney Richard R. Sitzman and Assistant District Attorney Larry S. Balcerak. This allegation was based on the proposition that these four prosecutors violated Mr. Harmon's

double jeopardy rights because the Garvin County and Pontotoc County convictions (which they prosecuted), particularly the conviction for concealing stolen property, constituted multiple charges for one criminal event. He also averred that the prosecutors wrongfully used the Void Conviction to enhance the sentences he received for both the Garvin County and Pontotoc County convictions.

Next, Mr. Harmon alleged "legal malpractice" and "ineffective assistance of appellate counsel" against Thomas Purcell, the Chief Counsel for the Oklahoma Indigent Defense System ("OIDS") and OIDS attorney Tasha A. Steward. Ms. Steward and Mr. Purcell (OIDS attorneys) were appointed by the state district court to represent Mr. Harmon during post-conviction proceedings. Mr. Harmon's final claim is one of negligence against OIDS Executive Director James Bednar, who he claims has negligently failed to "maintain his office to provide sixth amendment effective representation to all indigent criminal defendants." Mr. Harmon also alleged various state tort law claims, asking the federal district court to exercise supplemental jurisdiction over these claims. For all of these alleged violations, Mr. Harmon sought unspecified declaratory and injunctive relief, as well as compensatory, nominal and punitive damages.

Various defendants filed dispositive motions: defendants Sitzman, Kuykendall and Balcerak (all Garvin County prosecutors) filed a motion to dismiss, and defendant Peterson (a Pontotoc County prosecutor) likewise filed a

motion to dismiss.  Mr. Harmon also filed dispositive motions:  a motion for entry of default judgment against defendants Purcell, Steward and Bednar, and a separate motion for entry of default judgment against defendant Peterson.  He also filed a motion to supplement his appendix; a motion for appointment of counsel; a motion for service on defendants Steward and Bednar; and a motion to strike defendant Peterson's motion to dismiss.[3]

The federal district court referred this matter to a magistrate judge, who issued a lengthy and thorough Report and Recommendation recommending dismissal of Mr. Harmon's action in its entirety.  More specifically, the Report recommended that the defendants' motions to dismiss be granted, and additionally,

> in the alternative, that Plaintiff's claims against these Defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which § 1983 relief may be granted.  It is further recommended that Plaintiff's § 1983 claims against the remaining Defendants be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which § 1983 relief may be granted.  In addition, it is recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law tort claims.

Rep. & Rec. at 2, R. Vol. 1 at 84.  Finally, the Report recommended the denial of all of Mr. Harmon's motions, except it recommended granting Mr. Harmon's

---

[3]Several of these motions stem from the fact that, as the magistrate judge noted in the Report and Recommendation, as of the date of that Report, the record demonstrated that defendants Purcell, Steward and Bednar had never been officially served with notice of the action against them.  In view of the resolution of the case, however, these motions were properly denied as moot.

motion to supplement his appendix. The district court adopted the Report and Recommendation in its entirety and dismissed Mr. Harmon's action against all defendants with prejudice.

We can add nothing significant to the thorough and careful analysis provided in the magistrate judge's Report and Recommendation, as adopted by the district court. Accordingly, for substantially the same reasons contained in that Report and Recommendation, we affirm the dismissal of Mr. Harmon's § 1983 action. We further deny his request to proceed *in forma pauperis*.

For the foregoing reasons, the dismissal of Mr. Harmon's § 1983 action is AFFIRMED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge